## VANDERBURGH *vs.* HULL & BOWNE.

A person employed as an *agent* in the conducting of a particular business, at a fixed salary, who by the terms of the agreement with his employers, was to receive in addition thereto, *one-third of the profits of the concern,* but *not to be liable for any losses,* was held *not to be a partner,* and therefore a *competent witness* in an action brought by his employers.

ERROR from the superior court of the city of New-York. This was an action of *assumpsit,* brought by Hull & Bowne against Vanderburgh, for iron castings. On the trial of the cause, *Andrew Sherwood* was called as a witness for the plaintiffs, who being sworn on his *voire dire,* testified that at the time of the making and delivery of the castings, he acted as the *agent* of the plaintiffs in the foundery conducted by them, at an annual *salary* of $300, which was guaranteed to him by the plaintiffs, and in *addition to his salary, it was agreed that he should have one third the profits of the foundery, if any were made,* and that *he had nothing to do with the losses.* The plaintiffs found the *capital,* stock, &c., for the foundery, and he gave his *services.* This arrangement was made in *February,* 1834 ; in *November* of the same year, the witness bought the *foundery* and the *debts* due the plaintiffs, except this demand against the defendant, in which he testified he had no interest. No account was taken to see if there was any gain ; they all knew to well that it had been a losing concern. The counsel for the defendant objected, that *Sherwood* was an incompetent witness, on the ground of *interest;* that from his examination it appeared that he was a *partner* with the plaintiffs, and should have been joined in the action as a *co-plaintiff.* Mutual *releases* were thereupon executed between the plaintiffs and *Sherwood;* and the chief justice of the superior court decided, that Sherwood was a competent witness ; to which decision the defendant excepted. Sherwood was then sworn *in chief,* and gave material evidence for the plaintiffs, in whose favor a verdict was rendered. The defendant sued out a writ of error.

*G. C. Goddard,* for the plaintiff in error.

*E. C. Benedict,* for the defendants in error.

*By the Court,* NELSON, C. J.   It is perfectly clear, that *Sherwood* had not a joint interest with the plaintiffs in the foundery. The only ground upon which it was insisted that he was interested, and therefore incompetent as a witness, was that in addition to his salary, he was to have *one third of the profits* of the establishment, if any were made.   The witness *released* all right to any profits, and thereby discharged his interest ; and the only question is, whether he was a *partner ?*  On his *voire dire,* he declared, that by the agreement between him and the plaintiffs, he was not to be liable for *losses.*   It appears to me, the case is not one of partnership, but falls within the class of cases where the share of the profits is given and intended as payment for the labor of the party.   It is like the case of the *agent,* who received a proportion of the profits for his trouble, but had no interest in the capital, *Myers* v. *Sharpe,* 5 *Taunt.* 74 ; or the *broker* who received for his profit, whatever he could obtain above a stated sum on the sales, by way of remuneration for his labor, *Benjamin* v. *Porteous,* 2 *H. Black.* 590; or the *sailor* employed in the whale fishery, who received a certain proportion of the profits as wages, *Wilkinson* v. *Frasier,* 4 *Esp. N. P. Cas.* 182.   See also 1 *Campb.* 331, *n.*; *Carey on Part.* 9, 10, 11; 4 *Maule & Selw.* 240.   The wages of the witness were $300 per annum, and a contingent interest in one third of the profits. He was not to be answerable for losses, which confirms the view that the arrangement was made simply in reference to the measure of compensation.   He received a fixed sum in gross, with an increase upon a given basis and ratio.

Judgment affirmed.*

---

* See the observations of CHANCELLOR WALWORTH upon this question, in *Champion* v. *Bostwick,* 18 *Wendell,* 184, 5.