HODGMAN *vs.* SMITH.

If a person is to receive a stipulated sum in proportion to a given *quantum* of the profits of a business, as compensation for his labor and services, he is not a partner. But otherwise, if he is to participate in the profits, and has an interest therein, as *profits*.

One who is to share in the profits of trade, as profits, ought also, *prima facie,* to bear a share of the loss, as partner.

APPEAL by the defendant from a judgment entered upon the report of a referee. The complaint set up a copartnership between the parties, in the year 1844, for the purpose of buying and selling wool; the purchase of $4000 worth; and a loss of about $800; and prayed for an accounting, and for payment of what might be found due. The answer of the defendant put in issue every allegation of the complaint. The cause was referred; and, on the trial, the plaintiff proved by several witnesses that they, the witnesses, severally sold wool, in 1844, the defendant making the bargain and saying he and the plaintiff were buying wool together; and once a witness thought he received a note on which were the names of both. It was also proved that the wool was in the defendant's loft; and the witness who proved the sale of the principal part of the wool to himself, stated that the defendant was present when the sale took place, though the money was paid to the plaintiff; who alone signed the receipt for it, and the bill of sale was in the plaintiff's name alone. But he further testified, that they both stated they were owners of the wool. On the testimony on the part of the plaintiff being closed, the defendant moved for a nonsuit, which was refused.

Hodgman v. Smith.

The defendant called a witness, who testified that he was the defendant's clerk in 1844; and that the defendant acted as the agent of the plaintiff in the purchase of the wool, and was to have one half of the profits for his services. This he understood from both parties. That at one time the defendant desired the plaintiff to sell, which he refused; and the defendant then said he would not store it any longer, and desired him to take it away; and the plaintiff answered that he would. That at one time the plaintiff consented that the defendant might take a parcel of the wool to pay his own debt. He further testified to offers for the wool, and the defendant's desire, and the plaintiff's refusal to sell, about which there was some feeling between them. He further testified to repeated admissions of the plaintiff, that if there was any loss, he should have to suffer it. Several receipts, in the form of bills of sale, were given in evidence, running to both Hodgman and Smith, giving their names in full; and the page in which a memorandum of the purchases was given, was headed "Wool in Co." And an account was kept with each as "Leonard Hodgman in acc't with wool in Co." "Wool in Co. in acc't with John W. Smith." And also the following: "Wool in Co. in ac. with J. W. Smith and Leonard Hodgman. Liabilities," under which was a statement of the disbursements by each. The plaintiff gave in evidence a memorandum signed by the defendant, stating that "all the wool bought by Smith and Hodgman, amounting to about $9000 lbs. be the same more or less, agreeable to books, the said wool was bought with Hodgman's money, except about 64 dollars of Smith's money. I, the said Smith, have no interest in the wool except as above and one half the net profits;" which was dated the 14th day of September, 1844. The referee reported that the parties were partners; and found due from the defendant to the plaintiff $353,93; upon which judgment was entered, and the defendant appealed.

*W. H. King*, for the defendant.

*E. F. Bullard*, for the plaintiff.

*By the Court,* HAND, J. The parties bought the wool together; and might, undoubtedly, have been considered partners as to third persons. The statement signed by Smith, dated the 14th of September, 1844, and given in evidence by the plaintiff, and which may be considered, therefore, as the declaration of both, after all the purchases, except a small amount, had been made, goes to show that their interests in the wool, at that time, were very unequal; that of the defendant being but a small part of the whole. If it was a copartnership, and the defendant was interested in the firm only in that proportion, the referee has made a mistake in charging him with one half of the deficiency. But the share of the loss to be borne, and of the profits to be divided, do not necessarily bear an exact proportion to the interest of the partners in the partnership property. That may depend upon agreement. (*Smith* v. *Watson,* 2 *Barn. & Cress.* 401. *Gould* v. *Gould,* 6 *Wend.* 263. 3 *Kent,* 28. *Peacock* v. *Peacock,* 16 *Ves.* 50. *Coll. on Part.* § 167, *et seq.* 18 *Wend.* 185.) One witness swore that the defendant was agent; and further, that the plaintiff had said if there was any loss on the wool, he should have to sustain it. But it did not appear, whether he referred to a contract in this respect; or to the ability of the defendant; or was stating his view of the law. If, as is alledged, the circumstances of the defendant at that time were doubtful, that perhaps would explain the remark. The test of partnership seems to be that if one is to receive a stipulated sum in proportion to a given *quantum* of the profits, as compensation for his labor and services, he is not liable to be charged as a partner. But he is chargeable as such if he participate in the profits of a trade or business, and has an interest in the profits *as profits.* (*Perkins' Coll. on Part.* §§ 35, 44, *and notes. Champion* v. *Bostwick,* 18 *Wend.* 184. *Ex parte Hamper,* 17 *Ves.* 404. *Vanderburgh* v. *Hull,* 20 *Wend.* 70. 3 *Kent,* 33.)

Under all the circumstances of this case, I think the finding of the referee, that the defendant was a partner, within this rule, as a question of fact, cannot be disturbed. And every man who is entitled to share in the profits of a trade or business as profits,

ought, *prima facie*, to bear a share of the loss. ( *Grace* v. *Smith*, 2 *W. Bl.* 1000. *Dob* v. *Halsey*, 16 *John.* 34. *Coll on Part.* §§ 16, 81, *and notes.*) The judgment should be affirmed.

Judgment affirmed.

[SARATOGA GENERAL TERM, January 5, 1852. *Willard, Hand* and *Cady*, Justices.]