## VARNUM S. MILLS *v.* ISAAC G. PEARSON.

To maintain an action on contract, it must appear that the plaintiff is the only person possessed of any ownership or interest in the demand; so that, on a recovery and subsequent payment, all rights of action in respect to it will be barred as against the defendant.

Where plaintiff sued as assignee of a demand which originally accrued to two partners, but the assignment proved was executed by but one of the partners, and purported to transfer only *his* "right, title, and interest" in the claim, and there was no proof that the partnership had been dissolved, or that the claim was ever vested in the partner making the assignment, or that the other partner had ever done any act which would estop him, or would vest his interest in the assets of the firm in his partner, *held*, that the plaintiff could not maintain his action.

APPEAL by defendant from a judgment of the general term of the Marine Court, affirming a judgment of a single justice of that court. The action was brought to recover for goods sold and delivered, and judgment was rendered in favor of the plaintiff. The grounds of the action, and of the defence, appear in the opinion.

*Emerson & Prichard,* for the appellant.

*O. R. Steele,* for the respondent.

By the Court, HILTON, J.—The plaintiff sues to recover the value of a dome light furnished a house in Tenth street, built for Mr. Lanier by James Owens, and of which the defendant was the

architect. The dome was purchased of the firm of Sharp & Steel, who manufactured it, and put it up, *as is claimed*, at the request of, and for, the defendant. There was no question as to the delivery of the dome light, or its value; but the defendant insists: 1st. That the demand sued upon belonged to the firm of Sharp & Steel, and the plaintiff has not acquired such a right to it as enables him to maintain an action alone to recover upon it; 2d. That, on the question whether the defendant, in purchasing the dome light, was the agent of the builder, James Owens, the court erred in rejecting the offer of the defendant to show by competent evidence that Owens was bound to furnish the dome light, and had been actually paid for it by the owner, Lanier.

The plaintiff, at the trial, proved an assignment made to him in the following words:

"NEW YORK, March 10th, 1857.

"This is to certify that *I, Henry Sharp*, of the city of New York, have this day sold *my* claim, right, title, and interest in a certain debt of sixty dollars due *me* by Mr. I. G. Pearson, architect, of said city, to wit: For one dome light of stained glass, executed and delivered, as per order of said architect, to Mr. Varnum S. Mills, for the sum of fifty dollars to *me* in hand paid, receipt of which is hereby acknowledged.

HENRY SHARP."

Sharp was then offered as a witness, and testified that he was one of the firm of Sharp & Steel; that the dome light was purchased of, and made by, them; that *he* had executed and delivered the assignment for the consideration expressed in it; that the firm had never been formally dissolved; that he had nothing to show from his partner, Steel, respecting the dissolution of the firm, or any transfer of this claim to him; that no entry upon either subject is contained in the books of the firm; that he took the business and the bills, and paid Steel off; and that Steel had gone to Europe.

To entitle the plaintiff to maintain this action, it was necessary for him to show, by competent and conclusive evidence, that he

was the only person possessed of any ownership or interest in the claim sued on, so that, upon a recovery and subsequent payment, all rights of action in respect to this demand would be barred as against the defendant.

Was the evidence in support of the plaintiff's right of action of this nature? Was it such as would be an effectual bar against any subsequent claim of Mr. Steel?

. There was no evidence that the firm had ever been dissolved, nor that this claim ever belonged to the witness Sharp individually, of such a conclusive character as would prevent the copartner Steel maintaining an action similar to this. No act of Steel was shown which would conclude him from denying either of these propositions, or would vest his interest in the assets of the firm in his copartner Sharp.

To permit the plaintiff to recover upon such evidence, would be a violation of the familiar rule which requires all the parties living, and having the legal interest in a joint contract, to join in an action brought upon it,—a rule not only just in itself, but which should be adhered to, for the reason that if several parties were allowed to bring actions for one and the same cause, the court would be in doubt for which to give judgment. 1 Chitty on Pleading, 5, 6 ; Collyer on Partnership, § 649 ; *Dob* v. *Halsey*, 16 John. 34. Whether, if Sharp had, subsequent to the dissolution, signed the name of the firm to a transfer of this claim, the action might have been maintained in the name of the assignee, it is not necessary here to determine ; as the assignment offered is not so signed, nor does it purport to sell or transfer anything beyond the *individual* "right, title, and interest" of *Sharp* to the debt in question.

The evidence of the right of the plaintiff to sue *alone* was *not* sufficient, and the defendant's motion at the trial to dismiss the complaint on the ground of the non-joinder of William Steel, should have been granted.

This conclusion renders it unnecessary to examine the remaining ground of appeal.

Judgment reversed.