By the Court,
Monell, J.
I think it is clear that the agreement made by the plaintiff with Sweet did not constitute them partners. There were none of the ingredients of a partnership, such as sharing in the losses as well as the profits ; contributing capital or skill, or personal services in lieu of capital, and the implied right to bind the partners by the acts of each. Nor was there any intention on either side that there should be a partnership. Sweet introduced the plaintiff to the owners of the rifles, and for that service the plaintiff agreed that if any thing was made out of the transaction, Sweet should have some share as a compensation.
The agreement did not create a partnership either as between Sweet and the plaintiff, or as between, them and third persons, the transaction being, I think, clearly susceptible of a different interpretation. It was a mere agreement to give Sweet a share of the profits, if any were made. (Story on Part. §§ 30, 47. Vanderburgh v. Hall, 20 Wend. 70.)
Had Sweet such an interest in the subject matter of the action that he was either a necessary or proper party to it ?
There was no principle of agency applicable to this case. The plaintiff was in no sense the agent of Sweet, in the transaction with the defendant. The contract between the plaintiff and defendant was an entire contract, to which there were no other parties. Sweet was not a party to it, and could not have ■ enforced it, or any part of it. The plaintiff had the absolute right to enforce it, and the absolute right to receive *229 one half of the profits from the defendant; and it cannot he pretended, I think, that sweet had any such right, either solely or in conjunction with the plaintiff.
In principle, this case is not unlike Cumings v. Morris, (3 Bosw. 560.) The action was by an indorsee of promissory notes against the maker. Upon the transfer of the notes by Prime to the plaintiff, the latter gave his promise to transfer certain stock to Prime, which was never done ; the plaintiff testifying that Prime was to guaranty the notes to him, and that if they were not collected, the stock was to remain with and belong to the plaintiff. In other words, Prime was to be paid' for the notes with the money collected upon them. The court held that the plaintiff was the real party in interest. The late chief justice says, (p. 577 :) “A failure of the plaintiff to recover in this action might be as great, and possibly a greater loss to Sergeant (whom Prime represented) than to the plaintiff. But that feature only illustrates the extent to which a person, not a party to an action, may be interested in the event of it, notwithstanding it is prosecuted by the legal and equitable owner of the cause of action stated in the complaint." And in Hastings v. McKinley, (1 E. D. Smith, 273,) it is said that where the plaintiff has the whole legal interest, he is the real party in interest, and alone capable of suing.
A recovery by the plaintiff in this action would be a complete determination of all rights under the defendant’s contract, so far as he was or could be concerned. And that, perhaps, is the best test of who are the parties in interest under it. (Varnum v. Pearson, 2 Hilt. 16.) Sweet could not sue him, but would have to look to the plaintiff under another and an entirely independant contract.
There is another reason why Sweet was not a party in interest. His agreement, (if such it can be called,) with the plaintiff, was void for uncertainty. No portion of the profits was named or agreed upon, and it would be impossible for any court to regulate the recovery. Whether it should be one half of the profits, or one mill, the contract furnishes no means for determining. Besides, I do not find that there was any *230 consideration to sustain the. promise to pay Sweet a portion of the profits, if any were realized.
We are of opinion that the learned judge erred in dismissing ■ the complaint; and that the judgment should be reversed, and a new trial granted, with costs to abide the evenh