Hackett agt. Belden.

## SUPREME COURT.

### RICHARD HACKETT and LAWRENCE HACKETT agt. EDWARD BELDEN.

Where, pending an appeal by defendant from a judgment obtained against him by the plaintiffs, copartners, upon a copartnership account, the defendant procures one of the plaintiffs to execute and acknowledge satisfaction of the judgment, which the other plaintiff subsequently procures to be set aside by an order of the court, so far as his interest is affected, on the ground of collusion and fraud, but the satisfaction is allowed to stand as against the plaintiff who executed it, and while defending the appeal, the partner whose interest is protected, dies, his *executrix may continue* the action in her own name.

The common law rule that a cause of action in favor of two partners or joint contractors survives to the survivor, and that an action cannot be brought upon it, or continued in the name of the personal representatives of the deceased partner, nor that such representatives can be joined in the action, does not apply in this case, for the reason that the Code has provided that every action must be prosecuted in the name of the real party in interest, and the surviving partner in this case, had been deprived of all interest in the action and judgment, by order of the court allowing the satisfaction of the judgment which he collusively executed, to stand as against him.

*Fourth Judicial Department, General Term, September, 1870.*

*Present, Hon.* JOSEPH MULLIN, *Presiding Justice, Hon.* THOS. A. JOHNSON, JOHN L. TALCOTT, *Associate Justices.*

THIS is an appeal from an order of the Monroe special term, ordering that this suit be revived and continued in the name of Gertrude A. Hackett, sole executrix of the plaintiff, Lawrence Hackett, deceased.

E. M. GARDNER, *counsel for plaintiffs.*

STRONG & SHEPARD, *counsel for defendant.*

*By the court,* TALCOTT, J.—The facts so far as they bear upon the propriety of this order, are as follows: The

plaintiffs, having been copartners brought an action against the defendant, upon an account, claimed to have accrued against the defendant in favor of and in the business of the copartnership during its continuance, and recovered a judgment for $3,726 78, from which the defendant has appealed.

Pending the appeal, the defendant procured Richard Hackett, one of the plaintiffs to execute and acknowledge satisfaction of the judgment, and the satisfaction piece was duly filed in the office where the judgment was filed and docketed. Afterwards Lawrence Hackett made a motion to have the satisfaction piece set aside, on the ground that it was fraudulent and collusive as against him. That motion was granted at the Stenben special term in June, 1869, so far as it affected the interests of the plaintiff, Lawrence Hackett, and it was further ordered that said Lawrence Hackett, might proceed to enforce the judgment to the extent of his interest in the same, as though the satisfaction piece had not been executed.

But the satisfaction was allowed to stand as against Richard Hackett, who had collusively and fraudulently undertaken to satisfy the judgment. Protection was also extended by the same order to the lien of the attorneys for the plaintiffs, but this is unimportant for the purposes of the question before us. After the making of the last mentioned order, and whilst Lawrence Hackett was defending against the appeal, he died, leaving Gertrude A. Hackett, his sole executrix, and she after obtaining letters testamentary, made the motion on which the order now appealed from was made.

The appellant insists that the suit can only be continued in the name of Richard Hackett, as to whom the fraudulent and collusive satisfaction still stands in full force of record, and he relies upon numerous decisions, laying down the undeniable proposition that in general, a cause of action in favor of two partners, or joint contractors survives to

the surviver, and that an action upon it cannot be brought or continued in the name of the personal representative of the deceased partner, nor can such representative be joined in the action. This is clearly the rule at the common law. The rule that an action could be brought or continued only in the name of the party having the *legal* as distinguished from the equitable interest was before the Code, most strictly enforced.

The common law courts, however, found themselves embarrassed by the attempts of parties to the record, to interfere with the rights of the real parties in interest, by collusive settlements, releases, and otherwise, and were accustomed to protect, as far as possible, the rights of assignees, and equitable owners, on motion. The Code, however, has provided that every action must be prosecuted in the name of the real party in interest, intending to abrogate the technical rule of the common law which has been referred to. Since the Code, there can be no doubt, but that if the claim in this case had been by the partners, assigned to some third party, an action to recover it might have been maintained in the name of such third party. There can be as little doubt, but that in case one partner releases and assigns all his interest in the assets of the firm to the other, but that such other may maintain an action to collect a debt due the firm in his own name. Indeed, this is common practice. In the case of *Mills* agt. *Pierson*, (2 *Hilt.*, 16,) the New York common pleas held, that in case of an assignment by one partner to a third person, of the interest of such assigning partner in a claim, an action could not be maintained in the name of the assignee alone, but the non-assigning partner must be joined as co-plaintiff; this was on the express ground that the assignment did not purport to embrace anything but the individual interest of the assigning partner.

In this case, the effect of the order by which the satisfaction was allowed to stand as against Richard Hackett, was

to cancel and discharge· all the interest of Richard Hackett in the claim, leaving the balance to stand, and leaving Lawrence Hackett, the sole remaining party in interest.

By the rule of the common law, the personal representatives of the deceased partner did not succeed to the legal title of decedent in the copartnership assets, and in such a case as this, a protection against the fraudulent and collusive conduct of·the surviving partner could only be found by an appeal to the court of chancery, which, as a protection against the fraud would have appointed a receiver, or possibly by an application to the equitable powers which a court. of law asserted over suits prosecuted before it, and judgments rendered by it. So also, creditors of the co-partnership, though interested in a proper application of the assets of the firm, could not interfere in the prosecution of actions by it, or by one of the parties, to collect the debts due it, except through the aid of a court of equity by injunction, and receiver in a·proper case.

In this case, Lawrence Hackett was the only party interested after the order setting aside the satisfaction as to him, and allowing it to sand as to Richard. The order produced the same effect as though an assignment of all his interest had been made by Richard to Lawrence Hackett, and the interest of Lawrence devolved upon his personal representative to the same extent as though such an assignment had been made to Lawrence in his life time, or as though Richard had never had any interest therein. The cause of action was one which was not lost or extinguished by death, but survived, and in such case, the court is authorized to allow the action to be continued in the name of the· representative or successor in interest of the deceased. (Code, sec. 121.)

Conceding that the court had power to make the order, its propriety in this case, cannot be questioned.

The order must be affirmed, with costs.