DANIEL C. MUNRO AND JOHN MUNRO, APPELLANTS, v. JOHN M. WHITMAN, RESPONDENT.

*Partnership — what constitutes — agreement simply to share profits.*

Plaintiff and defendant entered into an agreement, whereby plaintiff was to furnish the capital to carry on the business of manufacturing and selling woodenware, the latter to receive one-third and the former two-thirds of the profits, nothing being said in the agreement as to any possible losses. *Held*, that the mere fact that no provision was made in the agreement, whereby the defendant was bound to pay his proportion of the losses, did not prevent the parties to the agreement from becoming partners *inter sese*.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

This action was brought to secure an accounting between the parties hereto, the plaintiffs claiming that they and the defendant were copartners. The referee found " that on or about the 10th of May, 1866, the plaintiffs and defendant entered into business relations as follows : The plaintiffs, who owned certain real estate in Chicago, Illinois, suitable for the manufacture of wooden-ware, agreed to furnish the same and necessary stock to carry on the manufacture and sale of wooden-ware, and the defendant agreed to take charge of the said business and superintend the same, and it was agreed between the parties that the plaintiffs should have two-thirds of the profits, and the defendant should have one-third of the profits.

Pursuant to such arrangement, the parties aforesaid soon thereafter commenced the manufacture and sale of wooden-ware in Chicago, Illinois. The plaintiffs, from time to time, as requested by defendant, furnished capital for said business, until in or about the month of April, 1868, in all to the amount of about $11,154.68 more than they drew out, and the defendant during that time continued to labor and superintend the business.

About the time of entering upon said enterprise the parties issued a card as follows: " Chicago Tub and Pail Manufacturing Company, Munro, Whitman & Co., proprietors ; manufactures of wooden-ware, pails, tubs, churns, half-bushels, etc., North pier, Chicago. P. O. box 2794. D. C. Munro, J. Munro, J. M. Whitman." This was used by the parties in advertising said business.

When the contract for engaging in the business was entered into, nothing was said about losses, and none of the parties contemplated such a contingency.

No profits were made, but there was a loss of nearly all the stock thus put into the business.

The defendant received while thus at work about the sum of $638.88 from the avails of such business, which he used for his own support."

He also found, as matter of law, that the plaintiffs and defendant were not partners, and that the plaintiffs were not entitled to an accounting, and accordingly dismissed the complaint.

*Munro & Davis*, for the appellants.

*Sedgwick, Kennedy & Tracy*, for the respondent.

TALCOTT, J. :

This action was commenced for an accounting as between partners. The referee has dismissed the complaint, on the ground that there was no partnership. In this he has proceeded entirely upon the ground that, at the time of the agreement by which the relations of the parties was established, nothing was said about any possible losses, none of the parties contemplating such a contingency. In the conclusion that the parties were not partners, because of the absence of any agreement to share the losses, the referee clearly committed an error. True, a person may, by the agreement between the par-

ties, be entitled to share the profits of the business without constituting him a partner, but in such case it must appear that he was to receive a share of the profits as a compensation for his labor and services. The whole foundation on which the principle rests is, no partnership *inter sese* was intended by the parties.

That the agent is not clothed with the general powers, rights and duties of a partner; that the share of profits given to him is not designed to make him a partner, either in the capital stock or the profits, but to excite his diligence and secure his personal skill as an agent of the concern, and is contemplated merely as a compensation therefor. (Story on Partnership, §§ 47, 48.) A lawful agreement may be made that one of the partners should bear a less proportion, or even no part of the losses. (Id., §§ 22, 23.)

In the case of *Lamb* v. *Grover* (47 Barb., 317), chiefly relied upon by the referee, Lamb agreed to furnish groceries to sell, in the village of Oakland, and to pay the rent of the store in which the goods were to be sold, and Adams agreed to sell the groceries for one-half of the profits on the sale of the goods. The referee found in that case, that the share of profits to be received by Adams was in payment and in compensation for the services rendered by him in the business. In such a case it is clear that there was no partnership created by the agreement.

The doctrine that persons cannot be partners as between each other, unless they agree to participate in the losses, is founded on the language of the judges in many cases, and in some is the apparent ground of the decision. (Parsons on Partnership, chap. 5, p. 41, note *a*.) But the result of all the cases and the modern doctrine seems to be, that the exemption from losses is a fact which, though not conclusive, is strong evidence that the party thus exempted is not an actual partner; and, taken in conjunction with other circumstances, may clearly show that fact. (See Parsons on Part., note *a, supra; Vanderburgh* v. *Hull & Bowne*, 20 Wend., 70; *Burckle* v. *Eckart*, 1 Denio, 337; S. C., 3 Comst., 132; *Ex parte Langdale*, 18 Vesey, 301.)

Lindley states as leading propositions in the law of partnerships as follows:

" Prop. 2. Partnership is *prima facie* the result of an agreement to share profits, although nothing may be said about losses.

" Prop. 3. Partnership is *prima facie* the result of an agreement to share profits; although community of loss is stipulated against." (Lindley on Partnership, book 1, chap. 1, pp. 13, 17.)

The fact reported in the case before us, and which the referee relies on as conclusive to show, of itself, that there was no partnership, brings the case within the second proposition thus stated by Mr. Lindley, and affords *prima facie* evidence that the agreement between the parties did contemplate a partnership.

There was much evidence bearing upon the question whether the intent of the parties was to create a partnership *inter sese*, and the referee should have determined and reported whether the share of the profits was simply intended as a compensation to the defendant for the time and services employed by him in the business, or whether, from the agreement to divide the profits, the usual result of the creation of a partnership followed. The fact that nothing was said about participating in the losses is only evidence on the question of the intention, and may, in conjunction with the other circumstances of the case, clearly establish that the parties did not intend to create a partnership. So, too, the assumption of a firm name, though affording strong evidence that a partnership was contemplated, and probably conclusive in favor of third parties, is not at all conclusive as between the parties themselves, who might, notwithstanding, lawfully agree that as between themselves, the defendant was not to have the rights, or come under the obligations of a partner.

Judgment reversed, and a new trial is ordered before another referee, costs to abide the event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment reversed, and new trial ordered before another referee, costs to abide event.