## FLETCHER ET AL. *v.* PIERSON.

CHECK —*Action, on Dishonor of.*—*Notice of Non-Payment.*—*Delay in Presenting for Payment.*—Where a party draws a check on a bank to pay a debt, having no funds in such bank with which to pay the check, or, having funds at the time, withdraws the same before the check is presented for payment, he can not, in an action thereon, avoid his liability either for want of notice of the non-payment of the check, when presented, or because the holder did not promptly present the same for payment.

From the Hendricks Circuit Court.

*N. B. Taylor, F. Rand, E. Taylor, H. M. Talbott* and *W. O. Wheeler,* for appellants.

*J. V. Hadley* and —— *Parker,* for appellee.

SCOTT, J.—Complaint as follows :

" Stoughton A. Fletcher and Francis M. Churchman, partners doing business under the firm name and style of S. A. Fletcher & Co., complain of John Pierson, and state that on the 21st day of April, 1873, the defendant was indebted to one John Bryan in the sum of six hundred and fifty dollars, and·in consideration thereof he gave him a check or order on Fletcher & Sharpe's bank therefor, which check or order is, in substance, as follows :

" ' Indianapolis, 21st April, 1873.

" ' Fletcher & Sharpe's Bank :

" ' Pay to John Bryan or order six hundred and fifty dollars in currency.

" ' $650.00. JOHN PIERSON.'

" And afterward said John Bryan endorsed it to First National Bank of Charleston, Ill., then said bank endorsed the same to McKeen & Minshall, and then said

McKeen & Minshall endorsed the same to the plaintiffs, who are the owners and holders thereof. A copy of said check or order and the endorsements thereon are herewith filed and made a part hereof.

"Plaintiffs further state that, after said check or order came into their hands, they presented it to said Fletcher & Sharpe's Bank and demanded payment, and payment was refused upon the ground that the defendant had no funds there to pay the same. Plaintiffs further state that said check or order came into their hands within ten days after it was drawn, and was immediately mislaid or lost, and plaintiff made diligent search therefor, but it remained lost until about the —— day of March, 1877, when plaintiffs found it and immediately presented it for payment at said bank and demanded payment, and it was refused because defendant had withdrawn all his funds from said bank.

"Plaintiffs further state that, when said defendant drew said check or order, he had funds in said bank to pay it; that said bank was then good and solvent, and has continued solvent ever since. Plaintiff further states that after said defendant drew said check or order, and before the time when it was presented to said bank for payment, and payment demanded, said defendant withdrew all his funds from said bank, and for that reason said bank refused to pay said check or order. Plaintiff afterward presented said check or order to defendant and demanded payment, and he refused to pay the same. Said check or order is now due and wholly unpaid."

There was a second paragraph in the complaint, which alleged the same facts, with this difference: The second paragraph alleged that, at the time the said Pierson drew the check, he had no funds in the bank with which to pay the same.

There was a demurrer to each of the paragraphs of the complaint for the want of facts. The demurrer was sus-

tained, exception reserved by the plaintiff, and final judgment rendered against the appellants for costs.

The error complained of is on the ruling of the court in sustaining the demurrer to the complaint.

The counsel for the appellee make the point that " There is no allegation that the appellee was ever notified of the dishonor of the check, and from the facts stated, as a conclusion of law, the appellee was discharged from liability by reason of the laches of the appellants in presenting the check for payment and giving notice of non-payment.

We are of the opinion that the point is not well taken. Under the allegation in the first paragraph of the complaint, the appellee drew his check on a bank to pay a debt; he had funds in the bank at the time, with which to pay the check; he withdrew the funds before the check was presented. Under this state of facts the appellee was not entitled to notice of the dishonor, for he could in no way be injured for want of notice of the dishonor of his check, when he had himself caused its dishonor by withdrawing his funds from the bank. The court erred in sustaining the demurrer to the first paragraph of the complaint.

The second paragraph alleged that the appellee had no funds in the bank when he drew the check. In such a case we think no notice of dishonor of the check was necessary.

The appellee insists that he is discharged for the reason that the check was not presented in a reasonable time. We are unable to see any force in this objection to the complaint. If one may draw a check on a bank and pay a debt, having no funds in the bank with which to pay the check, or, having funds at the time, withdraw the funds before the check be presented for payment, and then avoid his liability for want of notice of the non-payment of the check when presented, or because the holder had not been prompt in presenting the same for payment, the

law is inadequate to the enforcement of justice in such a case. Such a rule would lead to great wrong, and in many instances protect the dishonest. The court erred in sustaining the demurrer to the second paragraph of the complaint.

The judgment is reversed, at the costs of the appellee; cause remanded, with instructions to overrule the demurrers to the first and second paragraphs of the complaint, and for further proceedings in accordance with this opinion.