Culver, Administratrix, v. Marks.

No. 13,646.

## CULVER, ADMINISTRATRIX, v. MARKS.

BANKS AND BANKING.—*Presentation of Check.*—*Drawer without Funds on Deposit.*—Presentation of a check, and notice of non-payment to the drawer, are not necessary where the drawer has no funds on deposit for the payment of the check, or has withdrawn them, or if by agreement between the drawer and payee the check is not to be presented.

SAME.—*Checks.*—*Where Drawn.*—The checks in controversy in this case were each dated at "Lafayette, Ind.," and drawn on the "First National Bank," the name of no other place or bank appearing upon the check, and the evidence showing that there was a First National Bank at Lafayette.

*Held*, that the presumption is that the checks were drawn upon the First National Bank of Lafayette.

SAME.—*When Checks begin to Draw Interest.*—The cause of action accrues upon checks when presented, or when they would have been presented if there had been any funds of the drawer in the bank, and the payee is entitled to interest from that date.

SAME.—*Check.*—*Willingness of Bank to Pay.*—*Evidence.*—Evidence to prove that a bank would have paid a check, whether the drawer had any funds in the bank or not, is properly excluded. The bank having none of the funds of the drawer, the payee is relieved from making a demand, and a willingness on the part of the bank to pay the check of the drawer can make no difference.

SAME.—*Bank Entries.*—*Admissibility of.*—Entries in the books of a bank, made in the usual course of business, showing the state of the depositor's account, are admissible, though some of the persons making the entries are dead, others beyond the jurisdiction of the court, and others have no recollection of the transaction except to know that the books were kept in due course of the banking business, and were correct.

SAME.—*Abstract of Books.*—*Expert Witness.*—It is competent to permit an expert witness, who has examined the books of a bank and made an abstract of them, and testified as a witness, to give in evidence the statement to be read to the jury, an opportunity being given for cross-examination.

PLEADING.—*Cause of Action.*—*Declaration on in Various Forms.*—*Proof.*—Where each cause of action is declared on in several various forms of averments, it is not necessary that the allegations of each paragraph of the complaint should be proved.

From the Tippecanoe Circuit Court.

*J. R. Coffroth, T. A. Stuart* and *A. L. Kumler*, for appellant.

*B. W. Langdon* and *T. F. Gaylord*, for appellee.

OLDS, J.—This was an action by Jacob F. Marks against Malinda Culver, administratrix of the estate of Moses C. Culver, deceased, to recover a claim against the estate of the decedent.

It is contended by the appellee that the appeal was not taken and perfected within the time allowed by statute. The appellant asked and obtained leave of this court to appeal, which disposed of this question, and it is unnecessary to consider it further. Appellant's decedent died in December, 1884, and the claim was filed in February, 1885. The basis of the claim is three checks, copies of which are on file with the complaint, and marked A, B, and C, and are in the following words and figures :

" A.                    LAFAYETTE, IND., Nov. 1st, 1869.

" The First National Bank, pay to J. F. Marks one thousand dollars.

" 1,000.        (Signed)              M. C. CULVER."

" B.                    LAFAYETTE, IND., Dec. 8th, 1870.

" First National Bank, pay to J. F. Marks, or bearer, five hundred dollars.

" 500.          (Signed)              M. C. CULVER."

" C.                    LAFAYETTE, IND., Dec. 29th, 1870.

" First National Bank, pay to J. F. Marks, or bearer, one thousand dollars.

" $1,000.        (Signed)              M. C. CULVER."

Also, three promisory notes, one dated December 17th, 1870, for $1,051.34, executed by the decedent to appellee ; one dated Sept. 1st, 1870, for $550, executed by decedent to appellee, and one dated July 29th, 1872, for $2,000, executed by the decedent to one Smith Lee, and assigned by him to appellee. There are some nineteen paragraphs of complaint, most of them declaring upon the checks, and varying in their

allegations. There were no further pleadings filed. There was a trial by the court, under the statute, and a finding for the appellee on the checks and notes aggregating $7,694.31. The court's finding is as follows:

" The court, being in all things fully advised, finds that there is due the plaintiff, of and from the administratrix, to be paid out of the estate of the decedent, Moses C. Culver, on account of the note for two thousand dollars, and dated July 29th, 1872, the sum of eight hundred and twenty-three dollars and twelve cents ($823.12). On the due-bill dated December 17th, 1870, the sum of seven hundred and ninety-six dollars and fifty-nine cents ($796.59). On the two one-thousand-dollar checks, one dated November 1st, 1869, and one December 29th, 1870, the sum of three thousand nine hundred and thirty-six dollars and twenty-six cents ($3,-936.26). On the five hundred and fifty dollar note, dated September 1st, 1870, the sum of one thousand three hundred and eighty-three dollars and thirty-four cents ($1,383.34), including one hundred and twenty-five dollars and seventy-five cents as and for attorney's fees; and on the check for five hundred dollars, and dated November 8th, 1870, the sum of seven hundred and fifty-five dollars, being the principal and interest thereon from the 1st day of January, 1878, and making in the aggregate the sum of seven thousand six hundred and ninety-four dollars and thirty-one cents ($7,694.31)."

The appellant demurred to each paragraph of the complaint, which demurrer was overruled and exceptions taken. The appellant also filed a motion for a new trial, which was overruled and exceptions taken ; also, moved the court in arrest of judgment, which motion was overruled and exceptions reserved, and these various rulings of the court are assigned as error.

No question is presented as to the sufficiency of the paragraphs on the notes, or the right of the appellee to recover the amount due upon them.

The paragraphs of the complaint are numerous, and we

do not deem it necessary to set them out, as we can state the questions presented in much less space.

They all declare upon the checks, and aver facts to excuse the necessity for presentment to the bank for payment and notice to the drawer of non-payment, differing in the averments in this particular ; some aver that Culver, the drawer, did not have money or funds sufficient in amount in said bank, on the day of the date and delivery of said check, nor did he have enough on the day after the date of drawing and delivering said check in said bank to pay said check. The ninth paragraph, declaring on check dated November 1st, 1869, alleges that Culver, the drawer, did not have money or means enough in said bank, on the day of the date of said check, nor did he have sufficient funds or money in said bank until the 11th day of November, 1869, to pay said check. Others aver that all the money or means said Moses C. Culver had in said bank, on the day of the date of said check, or had at any time thereafter in said bank, were by said bank paid to said Moses C. Culver, or to other persons, on the order, check, or request of the said Culver, and not to the plaintiff on account of said check. Others aver that at the time of the execution and delivery of said check the said Moses C. Culver requested the plaintiff not to present said check to said bank for payment, and that he, the said Moses C. Culver, should be permitted to pay, and that he, the said Culver, would pay said check without presentment thereof for payment to said bank, and the plaintiff then and there promised not to present for payment said check at said bank, and to permit the said Culver to pay the same without presentment for payment at said bank ; that in pursuance of said request of said Culver, and the promise of the plaintiff, the plaintiff did not present said check, nor was the same presented to said bank for payment.

The fourteenth paragraph on the check dated December 29th, 1870, alleges that Culver did not have money or means sufficient in amount in said bank, on the day of the date of

said check, nor did he have enough means or money in said bank for more than thirty days thereafter to pay said check.

The foregoing are the averments in the respective paragraphs relating to the checks.

The several paragraphs are respectively based on the checks as the foundation of the action, and the checks constitute the cause of action. *Henshaw* v. *Root*, 60 Ind. 220; *Fletcher* v. *Pierson*, 69 Ind. 281.

The general rule is that a check must be presented to the bank for payment, and that notice of non-payment must be given to the drawer, but there are exceptions to this rule. In Bolles Banks and their Depositors, p. 325, section 333, it is said: "Another excuse is the lack of funds with the drawee. The drawing of a check under such circumstances, unexplained, is a fraud which deprives the maker of every right to require presentation and demand of payment."

In *Franklin* v. *Vanderpool*, 1 Hall (N. Y.), p. 78, it is held that if the maker of a bank check has no funds in the bank upon which it is drawn at the date of the check, it is not necessary for the holder to present such check at bank for payment in order to enable him to sustain an action upon it against the maker.

When the maker of a check withdraws his funds from the bank so that the check can not be paid, no demand and notice are necessary. Bolles Banks, etc., *supra; Sutcliffe* v. *McDowell*, 2 Nott & McCord, 250.

In 2 Morse Banks and Banking (3d ed.), section 425, it is said: "Presentment, however, may be altogether dispensed with, provided that, if made, it could not at the time be legally and properly met by the bank with a payment," and numerous authorities are cited in support of this statement. This is in accordance with a well settled legal principle that the law requires no unnecessary thing to be done. Checks are presumed to be drawn against a fund deposited in the bank out of which they are to be paid, and if there is no such fund so deposited out of which they can

be paid, the presumption is that a demand will be of no avail and useless, and it must be further presumed that the drawer knows the state of his account with the bank and whether or not he has sufficient funds on deposit to pay the check, and if he has not, no demand is necessary, and if no demand be necessary, then certainly no notice is necessary, being no demand there could be no notice of demand. It is further stated in Morse Banks and Banking, *supra*, that: "Regular presentation may be waived by conduct or representations; any agreement, express or implied, will excuse want of the usual formalities." It is further said that, "a check given as evidence of a loan to the drawer need not be presented to the drawee." This doctrine is held in the case of *Currier* v. *Davis*, 111 Mass. 480.

It is the well settled rule, that in the absence of an agreement, or special circumstances, a check shall be presented at least within banking hours on the day following the date of its delivery, if the bank on which it is drawn is in the same place where the payee lives, or does business; and that the first presentment fixes the rights of the parties. If, upon such presentation, the bank offers and is willing to pay, and the payee refuses to accept it, and afterwards, and before it is again presented, the bank fails, as between the payee and the drawee, the payee suffers the loss. See Morse Banks and Banking, sections 421 and 426; and it must necessarily follow, from the well-settled law regarding checks, that if the drawer has no funds in the bank at the time the payee is, by law, required to present the check for payment, no necessity for demand and notice exist, and the liability of the parties is fixed at this time. That is to say, if demand and notice be necessary demand must be made on the day following the delivery of the check, if the bank is in the same place where the payee lives and does business; and notice must be given, and the liability is thereby then and there fixed, and the payee may immediately bring suit. So, on the other hand, it must logically flow, and necessarily

follows from this rule that if the drawer has no money or funds on deposit in the bank at the time the payee is required to present the check, then the liability of the drawer is fixed without presentation and notice, and the payee may at once bring suit on the check, and whatever takes place afterwards in the state of his account at the bank can make no difference, and will not change the rights of the parties. The authorities cited we think are decisive of all the questions presented by the rulings on the demurrers to the several paragraphs of complaint, and that the general rule is that the payee must present the check for payment, and give notice to the drawer of its non-payment, but that no presentation or notice is necessary when the drawer has no funds on deposit for the payment of the check at the time when the check should be presented; or if he had funds on deposit at the time, and withdraws the same, leaving none on deposit for the payment of the check, or if by consent of the drawer or agreement between him and the payee the check is not to be presented at the bank for payment, then there is no necessity for presentation and notice. There was no error in overruling the demurrers to the complaint.

It is contended that the right of recovery was barred by limitation. What we have said in passing upon the complaint disposes of this question. The check being in writing, and constituting the foundation of the action, it is not barred by the statute of limitation.

A question is made as to the check. It is contended that as the complaint alleges that the checks were drawn on the "First National Bank of Lafayette, Indiana," and that there was no proof of such fact except that the checks were read in evidence, and that the checks are drawn on "The First National Bank;" that the proof made by the introduction of the checks does not correspond with the averments of the complaint. The checks were copied and made a part of the respective paragraphs of the complaint which declared upon them, and showed affirmatively in each paragraph of

the complaint the name of the bank upon which they were drawn. They were each dated at "Lafayette, Indiana," and drawn on the "First National Bank," and the name of no other place or bank appeared upon the check, and the evidence showed there was a First National Bank at Lafayette, and the fair presumption is, in the absence of anything appearing to the contrary, that it related to, and that they were drawn upon, that bank. *Walker* v. *Woollen*, 54 Ind. 164; *Roach* v. *Hill*, 54 Ind. 245; *Dutch* v. *Boyd*, 81 Ind. 146.

It is next contended that there is no evidence to support the allegations of the paragraphs of the complaint which allege that it was agreed that appellee should not present the checks at the bank for payment, but that Culver should pay them without presentation. This can make no difference. There were several other paragraphs of the complaint respectively declaring on each of the checks, and if the evidence supported one paragraph declaring on each check the finding would be sustained. It was not necessary, because appellee declared on each cause of action in several various forms of averments, that he should prove the allegations of each paragraph of his complaint.

It is contended that the assessment of the amount of recovery is too large; that the court allowed interest upon the checks. In this there is no error under the law, as we have stated; the cause of action accrued upon the checks at the time they should have been presented, if there had been money in the bank for their payment, and as the payee resided at the same place where the bank was doing business, this would be the next day after the delivery of the check, and appellee is entitle to interest from that date.

We now come to questions presented by the motion for a new trial, on the admission and rejection of evidence.

The appellant offered to prove by Mr. M. L. Pierce, president of the bank, that if, at the dates of the several checks, or at any time during the years 1869, 1870, checks

for like amounts had been presented to the First National Bank, drawn by Moses C. Culver, by the holder of such checks, they would have been paid.   The offer was properly made.   The witness was sworn, and asked the proper question, and the evidence was excluded.   In this ruling of the court there was no error.   The evidence offered is to the effect that the bank would have paid the checks, without regard to whether Mr. Culver had funds in the bank or not. It is a well settled rule that the liabilities of the parties are fixed by the fact of the drawer having, or not having, funds in the bank out of which the check could be lawfully paid, and the fact that he had no funds in the bank against which the check is drawn, and out of which he had a legal right to have it paid, or, in other words, if the bank was not at the time indebted to the drawer for money deposited, whereby he had the right to expect the bank to pay the check and charge it to him as against such deposit account, then the payee was relieved from making a demand; and this can not be changed by a willingness on the part of the bank to pay the check of the drawer, notwithstanding he may have no funds on deposit.

The payee took the check with the legal obligation resting upon him to present the check at the bank for payment, and if he failed to do so, and the drawer had funds in the bank to pay it, and loss ensued by reason of such failure, the payee suffers the loss; but if the drawer had no funds in the bank for the payment of the check, the payee is excused from presenting the check for payment.   If the drawer had no funds in the bank at the time for presentment for payment, there is no legal obligation resting upon the payee to present it for payment.

The bank had no legal right to permit the drawer to overdraw and pay his checks out of the funds of other depositors or the money of the stockholders.

The next question for consideration is the exception of the appellant to the ruling of the court to the admission in ev-

idence of the entries in the books of the First National Bank made in the usual course of business, showing the state of the account of said Moses C. Culver at and subsequent to the execution of the checks sued upon. As preliminary to the introduction of the entries in these books in evidence, it was shown by the clerks and officers of the bank produced in court as witnesses, and as to the entries made by such witnesses, that they were, at the time the entries were made, the proper and authorized book-keepers to make such entries; that the entries were made by them in the due course of business in the discharge of their duties, and were correct when made; that the entries made by them were original, and entered by them in books kept for that purpose, and that they had no recollection of the facts represented by the entries.

As to the entries made by parties who were not witnesses, it was shown that the enterer was, at the time the entry was made, the proper book-keeper and agent of the bank to make the entries in the due course of business, that the entries were original entries on original books made by such book-keepers in due course of business, and were in the known handwriting of such book-keepers, and that the enterer was dead or a non-resident of the State of Indiana. After the making of such preliminary proof the entries were admitted in evidence over the objection of the appellant.

It was proper to prove in this case the state of Moses C. Culver's account with the bank upon which he drew the checks at the time he drew them, and subsequent thereto, under the issues in the case. And it is pertinent to the question to consider how such facts could be proven if the evidence introduced was not admissible or competent for that purpose.

The bank with whom he did business, and upon which he drew the check, kept books and made an entry of all their business, of the money deposited by Culver, and checks drawn by him and paid by the bank. The books were kept by disinterested parties. Some of the persons who at the time of the

transactions kept the books, took the deposit, and placed it to Culver's credit, paid the checks drawn by him, and entered them on the books or charged them to his account were dead, others were beyond the jurisdiction of the court, and others had no personal recollection of the transaction except to know that the books were kept in due course of the banking business, and were correct, and showed a correct statement of the account.

Unless the evidence admitted was competent the appellee is deprived of making proof of the facts. *Price* v. *Torrington,* 1 Smith's Leading Cases (9th ed.), p. 566, was an action for beer sold and delivered. It was held that a book containing an account of the beer delivered by the plaintiff's drayman, and which it was the duty of the drayman to sign daily, was competent to prove the delivery, on proof that the drayman was dead, and of his handwriting.

In a note to this case, it is said: "A party's own books of account and original entries are now, in most, if not all, of the United States, received as evidence of a sale and delivery of goods to, or of work done for, the adverse party." On the same subject it is further said: "The reason for its introduction has never been placed, by any court, on higher ground than that of necessity. For, in view of the number and frequency of transactions of which entries are daily required to be made, the difficulty and inconvenience of making formal common law proof of each item would be very great. To insist upon it, therefore, would either render a credit system impossible or leave the creditor remediless."

In 1 Greenleaf Evidence (14th ed.), section 115, it is said: "It is upon the same ground that certain entries, made by third persons, are treated as original evidence. Entries by third persons are divisible into two classes: first, those which are made in the discharge of official duty, and in the course of professional employment; and, secondly, mere private entries. Of these latter we shall hereafter speak. In regard to the former class, the entry,

to be admissible, must be one which it was the person's duty to make, or which belonged to the transaction as part thereof, or which was its usual and proper concomitant."

In 1 Wharton Law of Evidence (3d ed.), section 238, it is said: "An accountant, or other business agent, may be regarded as a member of a well adjusted business machine; noting, in the proper time, and in the proper way, what it is his duty to note. If he has no personal motive to swerve him, the inference is that what he does in this way he does accurately; and his evidence, if there be nothing to impeach it, rises in authority precisely to the extent to which he is to be regarded as a mechanical and self-forgetting register of the events which his accounts are offered to prove. Hence it is that the memoranda, or book entries, of an officer, agent, or business man, when in the course of his duties, become evidence after his decease, or after he has passed out of the range of process, or become incompetent to testify of the truth of such entries; subject, however, to be excluded if it appear that in making the entries he was not registering, but manufacturing, current facts." The rule as stated by Greenleaf and Wharton is well supported by authorities. *Sickles* v. *Mather*, 20 Wend. 70.

In the case of *Faxon* v. *Hollis*, 13 Mass. 427, the book of a blacksmith, kept in ledger form, the items being first noted down on a slate and then entered in the book was held to be competent evidence. *Reynolds* v. *Manning, Stimpson & Co.*, 15 Md. 510; *Kelsea* v. *Fletcher*, 48 N. H. 282; *Coolidge* v. *Brigham*, 5 Met. 68; *New Haven, etc., Co.* v. *Goodwin*, 42 Conn. 230. In *Alter* v. *Berghaus*, 8 Watts, 77, it is held that the absence of a witness from the State, so far as it affects the admissibility of secondary evidence, has the same effect as his death. This was in relation to the admission in evidence of original entries in books made by such absent person.

We think the evidence is clearly admissible, but we might add that as regards the books kept by book-keepers and officers of national banks, by section 5209, R. S. U. S., it is

made a penal offence to make a false entry in any such books. So that these entries were not only made as original entries in due course of business, but the persons making them were liable to criminal prosecution, and upon conviction to suffer imprisonment if they made a false entry.

A book-keeper for the bank made out a statement of all the items of Culver's account appearing in the books of the bank, and appeared and was sworn as a witness, and stated that he had prepared such statement and had it with him, and, with the books before him, was interrogated as to what items appeared in the account. The court permitted such statement so made out and testified to by the witness in evidence, and allowed the same to be read to the jury over the objection and exceptions of the appellant, and this ruling of the court is complained of as error.

This was a long statement of account, and the witness who made out the statement was subject to cross-examination. The appellant had an opportunity to test its correctness and cross-examine the witness who made out the statement.

The appellant had as full and complete an opportunity to discover any error in the statement made by the witness as if he had appeared as a witness and testified from the books without making any written statement.

Where the entries in books are numerous and complicated, it is competent to permit an expert book-keeper, who has examined the books, to give a summary oral statement of their contents and computations made. See Elliott Work of the Advocate, p. 217, and authorities there cited. See, also, *Von Sachs* v. *Kretz*, 72 N. Y. 548 ; *McCormick* v. *Pennsylvania, etc., R. R. Co.*, 49 N. Y. 315 ; *Howard* v. *McDonough*, 77 N. Y. 592. And we can see no reason why, when such expert witness who has examined the books and made an abstract of them testifies as a witness, and opportunity is given for cross-examination in regard to such statement, as in this case, the statement may not be admitted in evidence and

read to the jury. We think the abstract of the books was properly admitted. But the original entries made in the books were also in evidence in this case, and no complaint is made that the statement did not correspond with the books. Whether properly admitted or not, no harm could have resulted to the appellant by reason of the admission of such statement, and, therefore, no reason exists for the reversal of the case. *Citizens State Bank, etc.,* v. *Adams,* 91 Ind. 280; *Hays* v. *Morgan,* 87 Ind. 231 (235–6).

There is a further question as to the ruling of the court in refusing to allow the appellant to ask one Spencer a cross-examining question. We have considered this, and there was no error.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed March 15, 1890.