[No. 9965.  In Bank. — August 26, 1886.]

# F. H. ROSS, Appellant, v. JAMES BRUSIE, Respondent.

Deed Absolute on its Face — Mortgage — Finding — Conflict of Evidence. — Where an issue is raised as to whether or not a deed absolute on its face was intended as a mortgage, a finding that it was executed in payment of a debt will not be disturbed, if the evidence as to its character is conflicting.

Id. — Books of Account — Evidence to Show Credit has been Given. — The plaintiff, being indebted to the defendant on a book-account, conveyed to the latter the land in controversy in consideration of an agreement by him to give the former credit for a specified amount on his account. At the trial, the court, against the objection of the plaintiff, permitted the defendant to introduce his account-books in evidence to show that the credit had been given. *Held*, that the books were properly admitted.

Appeal from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*L. J. Maddux,* and *Wright & Hazen,* for Appellant.

*W. E. Turner, D. S. Terry,* and *Cope & Boyd,* for Respondent.

Morrison, C. J. — This suit was brought in the county of Stanislaus by plaintiff and appellant against defendant and respondent, to compel a reconveyance of a certain lot of land in the town of Modesto, in the county of Stanislaus. Defendant had judgment, from which, and the order of the court below denying a new trial, the plaintiff appeals to this court.

The record shows but one exception taken on the trial, and there is but one question for determination on this appeal.

On the trial, a controversy arose as to the character of a certain transaction between the parties relating to the

lot of land in suit. Ross contended that it was only a
mortgage from himself to Brusie, and the latter con-
tended that it was a deed absolute. An inspection of the
papers in the case shows that the conveyance from Ross
to Brusie was an absolute deed, and the court finds "that
for the purpose of liquidating and paying said sum of
$250, plaintiff, on the twenty-fifth day of January, 1887,
made, executed, and delivered to defendant a grant, bar-
gain, and sale deed of the following described piece or
parcel of land" (describing it). The testimony being
conflicting as to the character of the transaction, the
finding of the court on it is final and conclusive. Pre-
sumptively the instrument expressed the true nature of
the transaction, and as the court finds it to have been
what on its face it appears to have been, the finding of
the court in this regard will not be disturbed.

On the trial, the defendant was permitted, against
plaintiff's objection, to prove by the introduction in
evidence of certain books of account that respondent had
carried into the books a credit of $250 to the account of
plaintiff. The evidence was, that defendant agreed to
give the plaintiff a credit on his account for the sum of
$250 in payment for said lot; and in order to prove that
he had kept his contract and given the plaintiff the
credit in question, he was permitted to prove the fact by
his own books. This was not the case of a party making
evidence for himself, as is claimed by plaintiff. The
books were not offered for the purpose of establishing a
claim against the plaintiff, but simply to show that de-
fendant had performed his contract, and had given plain-
tiff the credit he promised him. Defendant promised
to give plaintiff credit for $250. That was the contract.
To prove that he had done this, he was allowed to intro-
duce in evidence the books where the credit was entered.
We see no objection to this. It was like proving any
other act defendant had promised to perform as a condi-

tion on which his right to maintain or defend the suit depended.

Judgment and order affirmed.

Sharpstein, J., Ross, J., and McKinstry, J., concurred.