Filed April 28, 1892.

---

· No. 498.

THE FIRST NATIONAL BANK OF PORTER COUNTY v. WILLIAMS.

APPEAL.—*Sufficiency of Evidence to Sustain Verdict.*—A judgment will not be disturbed on appeal where the assignment of error is that the verdict was not sustained by the evidence, if there is any evidence tending to support the verdict. For sufficiency of evidence, see opinion.

INSTRUCTIONS TO JURY.—*Harmless Error.— Not Ground for Reversal.*— Where the court instructed the jury in substance that they might consider the position of the account as shown in the book and the manner of placing it as they saw it in the book, and that they had a right to take the book with them and consider it, there was no error, except it be in the clause, "You may take the book with you and consider it;" and the record not showing that they did take the book with them, the instruction could have worked no harm, if wrong.

EVIDENCE.—*Ledger Kept Solely by Defendant.—Properly Rejected.*—Where the defendant offered to introduce in evidence two ledgers containing the plaintiff's bank accounts, which books were kept by the officers of the bank and with which the plaintiff had nothing whatever to do, such evidence was properly excluded.

From the Porter Circuit Court.

*N. L. Agnew, S. C. Spencer* and *D. E. Kelly*, for appellant.

*A. L. Jones* and *F. P. Jones*, for appellee.

REINHARD, J.—One of the reasons assigned in the motion for a new trial and argued by counsel for appellant

is the insufficiency of the evidence. The action was for money deposited by the appellee with the appellant corporation. The cause was tried by a jury, and the verdict was for the plaintiff, who is the appellee in this court. The theory of the appellant was that the money had all been paid out to the appellee, while the latter claimed that there was a balance of $200 and interest due her. In support of her claim the appellee testified that on the 5th day of April, 1889, she deposited with the appellant $100; that she remembered this particular occurrence for the reason that she had but one business transaction with Mr. Skinner, the president of the bank, which was the one here in dispute, and her bank deposit book shows a credit to her of $100 of that date in the handwriting of Mr. Skinner. The latter testified that the appellee did not on that day deposit $100, but that, on the contrary, she drew out that amount from the bank on that date, and that by mistake he credited her with $100 in her bank book instead of charging it to her as he should have done. Mr. Skinner was corroborated by circumstances testified to by himself and other witnesses, and the question thus became one of the weight of evidence to be determined by the jury. The latter decided the question in favor of the appellee. The learned special judge who presided at the trial gave his approval to the verdict by overruling the motion for a new trial, and by force of the numerous decisions of the Supreme and Appellate Courts it is beyond our power to redress the wrong, if any has been done. We can not disturb the judgment, therefore, on account of the lack of evidence to sustain the verdict.

The appellant assails instruction numbered 4, given by the court of its own motion. In it the court told the jury: "You may also consider the position of the account as shown in that book and the manner of placing it as you see it on the book, which you have a right to take with you and consider."

There is nothing wrong with the instruction, so far as it tells the jury that they might consider " the position of the account," etc. The account, as contained in the appellee's pass-book, was placed in evidence, and we know of no reason why the jury could not consider it and the peculiar position the account occupied. The court did not instruct the jury what weight they should give this account or whether they should give it any weight. They were simply told that they had a right to " consider " it, and we do not see upon what principle of law they were precluded from so doing.

The last portion of the instruction told the jury that they had a right to take the account with them. The appellant claims that this was error, and cites *Nichols* v. *State, ex rel.*, 65 Ind. 512. It is not shown, however, by the bill of exceptions that the jury actually took this item of evidence with them to their room, and hence no harm is shown to have resulted from the instruction, even if wrong, as to which we decide nothing. Everything must be presumed in favor of the correctness of the court's action until the contrary is made to appear. There was no available error here.

The next alleged error is the refusal of the court to permit the appellant to read in evidence ledgers " D " and " E," containing appellee's bank account. The book was one which was kept by the officers of the bank, and with which the appellee had nothing whatever to do. It was not shown when the entries in these ledgers were made, but they would not be proper evidence even if made at the time of the transaction. *Pittsburgh, etc., R. R. Co.* v. *Noel*, 77 Ind. 110. The exclusion of this evidence was right.

These are all the questions discussed.

The judgment is affirmed.

CRUMPACKER, J., was absent.

Filed May 10, 1892.