Fleming *et al. v.* Yost *et al.*

Filed Feb. 22, 1894.

◆

No. 16,647.

Fleming et al. *v.* Yost et al.

137  95
151  77
137  95,
159  235

Evidence.—*Fraudulent Conveyance.—Book-Entries.—Account.—Res Gestæ.*—In an action to set aside a conveyance as fraudulent, the grantee may introduce in evidence book-entries of various amounts of money paid to the grantor, at various times, the entries being made at the time of payment; such evidence being admissible as a part of the *res gestæ,* to illustrate and bring out fully the whole transaction in regard to the transfer and the consideration therefor.

Same.—*Same.—Cross-Examination.—Judicial Discretion.*—The grantee defendant having been interrogated fully by plaintiff's counsel concerning his memoranda and entries, and the subsequent production and identification by him of the book containing the entries, it was not error to allow such witness to afterwards introduce evidence by way of cross-examination, on a subject which plaintiff had voluntarily gone into.

Same.—*Same.—Res Gestæ.*—In such case it was not error to allow a witness to testify that he and the grantee were partners in the real estate business, and that for more than a year before the conveyance in question witness had been familiar with the notes and accounts belonging to the grantee, which had been kept in the firm safe, including claims against the grantor, and to detail what occurred between the grantor and grantee in the witness' presence when he figured up the indebtedness at the time the deed was written.

Same.—*Supreme Court Practice.—Exceptions.*—No questions as to evidence can be raised on appeal, where proper exceptions have not been reserved to the rulings of the trial court thereon.

Verdict.—*Sufficiency of Evidence.*—That the evidence is sufficient to sustain the finding, see opinion.

From the Elkhart Circuit Court.

*H. C. Dodge,* for appellants.

*L. W. Vail, F. E. Baker* and *C. W. Miller,* for appellees.

DAILEY, J.—This was a suit commenced in the Elkhart Circuit Court, by Denton A. Fleming and Frank C. Johnson, against the defendant, Charles A. Yost, on certain notes, and to set aside a conveyance of real estate therein described in said county, made by said Yost to his brother-in-law and co-defendant, George W. Rich, as fraudulent against creditors.

There are two grounds of fraud charged: First. That the conveyance was made by the grantor and accepted by the grantee, Rich, with the fraudulent intent to delay and defraud the creditors of said Yost. Second. That it was made without any consideration.

The complaint charges a fraudulent intent participated in by both grantor and grantee as well as that at the time of the transaction, and at the time of bringing the suit, Yost was insolvent.

The trial resulted in a judgment for appellants upon their claims against Yost, and for Rich upon his ownership of the land clear of said claims. The appeal is from the latter part of the judgment only.

The assignment of error is that the trial court erred in overruling appellants' motion for a new trial. The motion for a new trial sets out fourteen reasons why it should have been granted. So far as presented, appellants argue the grounds in the inverse order in which they are shown by the motion.

In the last one of the series they contend that the trial court erred in permitting appellee, Rich, to introduce in evidence a book containing an account between himself and his co-appellee.

Many cases are cited to show that account books, consisting of store and shop-books, are admissible in evidence only when they contain original entries of daily transactions, shown to be accurate and are duly verified as such; and that they are not admissible in respect to

Fleming *et al. v.* Yost *et al.*

loans (unless this is the parties' regular business) or when they are not regular books of account in his occupation and contain only the single item offered, or when they appear to be mutilated or altered (unless such appearance is explained to the satisfaction of the court).

In the class of cases cited by appellants' counsel, usually actions in assumpsit, the account book is received as evidence of a sale and delivery of goods to, or of work done for, the adverse party. In *Culver, Admx.,* v. *Marks,* 122 Ind. 554, on pp. 564 and 565, is a very full and clear exposition of the law upon the admissibility of this class of entries. "The reason for its introduction has never been placed, by any court, on higher grounds than that of necessity. For, in view of the number and frequency of transactions of which entries are daily required to be made, the difficulty and inconvenience of making formal common law proof of each item would be very great. To insist upon it, therefore, would either render a credit system impossible or leave the creditor remediless." But there is another class of cases to which the suit at bar belongs, where entries in books, memoranda, letters and indorsements on contracts, to all of which the adverse party is a stranger, as well as oral declarations out of the presence of the adversary, are admissible. In Greenleaf Ev., Vol. 1, section 120, it is said: "Here, the value of the entry, as evidence, lies in this, that it was contemporaneous with the principal fact done, forming a link in the chain of events and being a part of the *res gestæ.* It is not merely the declaration of the party, but it is a verbal contemporaneous act, belonging, not necessarily indeed, but ordinarily and naturally, to the principal thing. It is on this ground, that this latter class of entries is admitted; and therefore it can make no difference, as to their admissibility, whether

the party who made them be living or dead, nor whether he was, or was not, interested in making them, his interest going only to affect the credibility or weight of the evidence when received."

In 1 Rice on Ev., p. 375, section 212 "a," it is said: "*Res gestæ* has received its most apt and logical definition from the Supreme Court of Georgia, in *Carter* v. *Buchannon*, 3 Ga. 513, 'the circumstances, facts and declarations which grow out of the main fact, are contemporaneous with and serve to illustrate its character are part of the *res gestæ*.' They must in all cases be contemporaneous with the main fact; they must have been made at the time of the act done, to which they relate, and must be well calculated to unfold the nature and quality of the facts they were intended to explain, and to so harmonize them as obviously to form one transaction." *Enos* v. *Tuttle*, 3 Conn. 247.

"They are the circumstances which are the undesigned incidents of a particular litigated act, and are admissible when illustrative of such act. *Nutting* v. *Page*, 4 Gray, 581."

The main act or transaction is not in every case necessarily confined to a particular point of time, but whether it is so or not, depends solely upon the nature and character of the act or transaction. *Lund* v. *Inhabitants of Tyngsborough*, 9 Cush. 36.

These matters are received not as hearsay, secondary or self-serving declarations, but as direct and primary evidence, forming part of the transaction in issue. There is also this difference between the two classes: that in the former, the entries are admitted as evidence to prove their own truth, while in the latter, they are admitted merely to assist in bringing out the whole transaction of which they constitute a part. As illustrative of the former class, in the case of *Faxon* v. *Hollis*, 13 Mass. 427,

cited in *Culver, Admx.*, v. *Marks, supra,* 565, the issue was
in regard to work alleged by the plaintiff to have been
performed for the defendant, and the entries in plaintiff's
account books were admitted in evidence for the purpose
of charging the defendant with having received the work
at the dates and to the amounts entered; that is, the en-
tries were received as proof of their own truth.   As ex-
emplifying the latter class take the present case, wherein
the appellants presented to the appellee Rich the issue
that he had received a deed from Yost for the land in
controversy without consideration.   Rich testified that
he had paid Yost money at various times and in vari-
ous amounts, and had in each instance made an entry of
it at the time.   The entries were admitted, not to prove
their own truth, but to illuminate and bring out fully
the whole transaction in regard to the transfer and the
consideration therefor.   If the effect of the admission of
such entries is to establish their truth, the result is in-
cidental and can not change the ground on which they
are admissible.   It is not the policy of the law to reject
incidents that may tend to enlighten the conscience of
the court where fraud and collusion are charged.   This
distinction is well recognized.   In section 1102 of Whar-
ton Ev. it is said:   "Declarations, however, when re-
ceived as part of the *res gestæ*, are admitted, not to prove
their own truth, but to exhibit the attitude of the parties,
and to show the transaction in all its aspects."

The appellants' contention is, that nothing which was
said or done by Rich or Yost in relation to the transfer,
out of the presence of appellants, is admissible.   In a
suit of this character, where the creditors of the grantor
assail a conveyance, if the grantee could not show both
the manual and verbal acts of the grantor and himself
respecting both the consideration and the transfer, ex-
cept such as were done in the presence of the attacking

party, the grantee would have no chance of retaining his property honestly acquired. It would place him at the mercy of any one who might confront him and challenge his right.

If the grantee takes the title in payment of his debt, he does only that which is proper.

"A creditor may lawfully take a conveyance from his debtor with the honest intention of securing his own debt, although he knows it is intended to hinder and delay other creditors." *Shelley* v. *Boothe,* 73 Mo. 74; 2 Rice Ev., pp. 949 and 950.

If there are other creditors, the grantee stands in no relation to them, except afterwards, and that too through the grantor. The creditors were not parties to the transfer in any way, and if they subsequently bring suit to set aside the conveyance, the position they thereby take against the grantee is that they are entitled to judgments on their claims against the grantor, which shall be declared liens against the land, because the conveyance thereof is fraudulent and void. That is, they proceed against the grantee through and under the grantor, and the grantee, in his defense, may introduce all the acts and declarations which are connected with the transaction.

In Bump on Fraud. Conv. (3d ed.), p. 581, it is said: "Declarations and acts of the debtor * * are admissible in evidence in favor of the grantee, as well as of the creditors. The acts and declarations of the grantee which accompany the transfer stand on the same footing * *. So far as the acts and declarations of the parties form a part of, and assist in giving character to, the transaction, they constitute a part of the *res gestæ* and are competent evidence."

In a suit by creditors of the husband, to reach land conveyed to the wife, the declarations of the third per-

son who gave her the money, letters from her business agent to her, and her letters to the agent, her own declarations, are all competent in support of her title as part of the *res gestæ.* Abbott's Trial Ev., p. 170; *Hannis* v. *Hazlett,* 54 Pa. St. 133; *Claussen* v. *La Franz,* 1 Ia. 226; *Bank* v. *Kennedy,* 17 Wall. 19.

Where a party himself testifies to a loan, his own entry of the fact of payment made contemporaneously with the fact and as a part of the *res gestæ,* is admissible. Abbott's Trial Ev., pp. 245, 253, 264, 269, 275 and 326; *Huntzinger* v. *Jones,* 60 Pa. St. 170.

In *Beaver* v. *Taylor,* 1 Wall. 637, the plaintiff was allowed to give in evidence the letters of his correspondent who made payments on his behalf, and the entries which the plaintiff thereupon made in his own books, not as matters binding the defendant, but as a part of the *res gestæ* necessary to the complete proof of the act of the plaintiff in making the payment.

We also cite *Monroe* v. *Snow,* 23 N. E. Rep. 401; *Pallman* v. *Smith,* 19 Atl. Rep. 891; *Martin* v. *Victor, M. & M. Co.,* 8 Pac. Rep. 161; *Ross* v. *Brusie,* 11 Pac. Rep. 760.

In *Pollak* v. *Searcy,* 4 So. Rep. 137, the firm of Blake & Searcy had conveyed their merchandise, by sale absolute in form, to George W. Searcy, in discharge of an alleged debt to him. The real issue in this case was whether or not the debt asserted was *bona fide,* and the sale absolute, reserving no interest or benefit to the sellers. There was no question but that the debt claimed, if genuine, was equal in amount to the full value of the stock. Pollak & Co. were creditors of Blake & Searcy before and at the time of the transfer, and soon· thereafter they attached the goods as the property of the vendors. In support of the *bona fides* of the consideration, entries in the books of Blake & Searcy showing an account between them and the purchaser, were admitted,

not to prove their own truth, but as a part of the *res gestæ* of the act under investigation.

The case of *Angell* v. *Pickard*, 61 Mich. 561, involved the question of the validity of a conveyance as against the vendor's creditors. It was an action in replevin by the vendee against the sheriff, who was in possession of the goods under a writ of attachment for the creditors. The main issue on the trial was the validity of the sale of this stock. The introduction of the contract between the seller and purchaser was objected to by the defend-ant, also the telegram and letter to the clerks in the store; objection was also made to the evidence of conversations of the vendor and purchaser, and the clerks in the store, before the contract was entered into, leading to the making of the agreement, and tending to show that it was contemplated and talked about for some time before it was actually entered into and reduced to writing. The court held that as the sale was claimed to be fraudulent, a wide latitude in proof must necessarily be, and is, admitted in such cases, and all that was said and done between the parties at and before the making of the agreement, was competent, not only to show fraud, but to rebut it.

In *Lowry* v. *Howard*, 35 Ind. 170, a suit to set aside an alleged fraudulent conveyance, it is held that where a conveyance is attacked as fraudulent as against the grantor's creditors, the nature and amount of the consideration are important with reference to the *bona fides* of the transaction. In such case, it is evident, he could not show the good faith if he were not permitted to go fully into the matter, by introducing all the acts done and declarations of the parties, out of the presence of the plaintiffs. The law does not force a man into court with his hands tied when he is charged with fraud. It justly places the accuser and the accused on an equality in the

presentation of the evidence, so that the court may ascertain the truth and have a perfect view of the whole transaction.

In questions of fraud or *bona fides*, it is a rule well recognized in 2 Rice Ev., pages 967 and 968, and cases there cited, that the language used on any occasion forms a part of the *res gestæ;* that the declarations and acts of the debtor made before the transfer and contemporaneous with it are admissible in evidence in favor of the grantee. So that it is no longer an open question.

Appellant's second contention is based upon the thirteenth reason stated in the motion for a new trial.

The specification is that the trial court erred in reopening the case and permitting appellee Rich to introduce further evidence. Counsel admits the action was within the discretion of the court ( *Stipp* v. *Claman, Treas.*, 123 Ind. 532), but says there was an abuse in the exercise of it.

When Rich was on the witness stand he was interrogated fully by appellants' counsel concerning his memoranda and entries, and the subsequent production and identification by him of the book containing such items, being the action complained of, were really nothing more than a proper cross-examination of the witness on a subject which appellants had voluntarily gone into. It was for the court to determine, from its appearance and the manner of its production, whether it was fabricated or genuine, and, if received in evidence, to decide its credibility and weight.

Under the twelfth, eleventh, tenth, ninth, and eighth grounds in the motion for a new trial, counsel assails the ruling of the trial court as erroneous in permitting the witness Vail to testify that after the appellee Rich had come out of the treasurer's office, they formed a partnership in the real estate business, and that for more than

a year before October, 1886, when the deed was made, he had been familiar with the notes and accounts belonging to Rich, which had been kept in the firm's safe, including claims against Yost, and to detail what occurred between the appellees in his presence when he figured up the indebtedness at the time the deed was written.

From what we have heretofore stated, it was proper for the witness to relate these facts, leaving the court to decide whether "what took place was the feigned conduct of two fraudulent conspirators," and not the diligent effort of a creditor to secure the payment of an honest debt. From all the evidence in the case, including this, the court would thus be in a position to know if the alleged debt was actual or fictitious.

Counsel abandons the seventh and fourth grounds set forth in the motion for a new trial, and they will not be considered by us.

The sixth ground stated in the motion for a new trial relates to the ruling of the trial court in striking out so much of the answer of the appellant, Fleming, as a witness, as recited what John S. Rich, father of the appellee, said in an interview with him.

The fifth ground for a new trial was based upon the action of the court in striking out of the record the lease from Rich to Mrs. Yost.

Appellants can not complain of the sixth or fifth ruling, because they did not reserve any exception to either. To save such questions for review in an appellate tribunal, they must, at the time, notify the court that they except to the ruling and request the judge to note the exception.

Under the third, second, and first grounds assigned in the motion for a new trial, it is urged that the decision is not supported by sufficient evidence, and is contrary to the evidence.

Fleming *et al. v.* Yost *et al.*

It is a long settled and familiar rule that the weight and probative effect of the evidence, in any case, is within the exclusive province of the court or jury trying the cause; and where the evidence is conflicting the judgment will not be reversed on appeal. Another expression of the same legal conception is, that unless there is a total lack or want of evidence on an essential point to be maintained by the prevailing party, the decision will not be disturbed.

Aside from all other evidence in Rich's behalf, his own testimony establishes every material fact necessary to uphold his deed. He states that Yost owed him $2,800, for money actually furnished; that in 1886, when he first learned that the latter had thrown up his position as engineer on the Lake Shore road, was neglecting his farm and spending time dealing in the bucket shops at Elkhart and on the Chicago board of trade, he made an effort to have his claim paid; that he accepted the deed in satisfaction of his debt; that at the time he did not know of the claims of the appellants or other creditors; that the deed was absolute, without any interest or benefit reserved to his debtor or any one for him; that in taking the deed, his purpose was merely to secure the payment of his claims, and not with any intention of defrauding Yost's creditors, or of assisting him in doing so, and that he had no knowledge or belief that such was Yost's intention. This evidence was before the court for its approval. If satisfactory to the trial court, it was its duty to accept and act upon it as true.

We find no error in the record.

Judgment affirmed.

Filed March 7, 1894.