Filed October 31, 1895.

---

No. 1,760.

WILBER *v.* SCHERER.

EVIDENCE.—*Account Book in Evidence.*—*Harmless Error.*—The error, if any, of permitting a witness to read to the jury from his account book the various items therein, to which he had previously testified by the aid of the book, is harmless.

From the Dearborn Circuit Court.

*J. B. Coles* and *G. B. Hall*, for appellant.

*H. D. McMullen* and *H. R. McMullen*, for appellee.

DAVIS, J.—This action was brought by the appellee, against the appellant, on an ordinary book account. The appellee sought to recover an alleged balance of $209.45. Appellant answered in two paragraphs: first, general denial; second, payment. A trial by jury resulted in a verdict and a judgment in favor of appellee for $92.00.

The only error assigned is the action of the court in overruling appellant's motion for a new trial.

Two questions only are argued in this court, to-wit:

1. The admission of improper evidence.

2. That the verdict is excessive, the recovery being too large.

We have carefully read the evidence and find it in some respects conflicting. The charges, in appellee's bill of particulars, against appellant amounted to $437.95, and the credits to $228.50. The correctness of some of the items in the charges was controverted by appellant, and he introduced evidence, a part of which was uncontradicted, showing that he was entitled to more credits. Giving the evidence, as we are required to do on this appeal, the most favorable construction in behalf of appellee, it is not clear that the jury was not warranted in finding that there was a balance of $92.00 due appellee. Therefore this court, under our practice, would not be warranted in disturbing the verdict of the jury on the evidence. On the trial the appellee, as a witness in his own behalf, testified that he ran a sawmill, and that he sawed lumber for appellant; that he kept a book in his business, in which he kept the account, and that he set the items down every night after he did the work, and set them down correctly. He then turned to the account in his book, and, over appellant's objection and exception, testified to the items set out in his bill of particulars, stating that he did not think he

could testify to the dates and amounts alone from memory without reference to the book. Appellee afterwards, during the progress of the trial, over objection of appellant, on the ground that the evidence was incompetent, read to the jury the account in his book against the appellant, including both charges and credits.

Counsel for appellant insist that the court erred in admitting the entries in the account book in evidence. In support of their position they cite *DeCamp* v. *Vandagrift*, 4 Blackf. 272; *Pittsburgh, etc., R. R. Co.* v. *Noel*, 77 Ind. 110, 121; *First National Bank, etc.,* v. *Williams*, 4 Ind. App. 501. Counsel for appellee contend that the ruling of the court was right, and that in any event the introduction of the entries on the book did the appellant no harm, citing *Fleming* v. *Yost*, 137 Ind. 95; *Culver, Admx.,* v. *Marks*, 122 Ind. 554.

In many of the States a party's own books of account and original entries are now received as evidence of a sale and delivery of goods to, or of work done for, the adverse party. The general rule is prescribed by statute and is in substance that such evidence, entries in books of merchants, shopkeepers, etc., must be supported by oath, preliminary to its introduction, that the goods so charged were actually sold and delivered, and the services performed; that the items were entered at the time of the delivery of the goods or the performance of the services, or immediately afterwards; that the book tendered is the book of original entries, and that the book was correctly kept. Am. and Eng. Encyc. of Law, Books as Evidence, Vol. 2, page 467, under subdivision Books of Original Entries, and authorities there cited. There is no statute on the subject in this State.

It is apparent from the record in this case, that appel-

lee first testified to the account between himself and appellant, as set out in his bill of particulars, by looking at his account book, in which he states that he made correct entries at or about the time of the different transactions.    We are not able to see that there was any error in this; as, in our opinion, he had the right, if he desired to do so, to refresh his memory when on the stand as a witness, by reference to the entries previously made by him.    The record discloses that appellee testified specifically concerning each and every item in the account between himself and the appellant as set out in his bill of particulars filed with the complaint.    It appears that he was cross-examined in relation to the account, and that he testified, on such cross-examination, that he did not believe he could have testified to the amounts and dates of the respective items without reference to his book.    It is apparent that his testimony was largely based on his recollection as refreshed by reference to his book.    After he had so testified to the items in the account as embraced in the entries made by him in his book, the only effect, as shown by the record, of reading the entries from the book to the jury was to repeat his testimony on the subject.    The appellant was present and testified to his version of the dealings between the parties.    He claimed in his testimony that he was not liable for all the charges against him, giving his reasons for such claim.    He testified that he was not liable for the entire charge, that another was to pay a part of it, and he also testified that he was entitled to credits in addition to those appearing in appellee's bill of particulars, and which the jury appeared to allow him.

Assuming that the court erred in permitting appellee to introduce in evidence that part of his private account book setting forth the various items and charges against

appellant, the record, as we view it, shows, under the circumstances, that the error was a harmless one.    The decision in *DeCamp* v. *Vandagrift, supra,* enunciates the doctrine that has prevailed in actions in assumpsit in this State for many years.    In *Fleming* v. *Yost* (which, however, was not an action in assumpsit) a different doctrine seems to be approved, but *DeCamp* v. *Vandagrift, supra,* is not referred to therein.    In this connection, however, it may be observed that the rule ·as enunciated in *Faxon* v. *Hollis,* 13 Mass. 427, and cited with approval by our supreme court in *Fleming* v. *Yost, supra,* and *Culver* v. *Marks, supra,* is not governed by any statute, and is in direct conflict with the rule enunciated in *DeCamp* v. *Vandagrift, supra.*    We are not, as at present advised, prepared to say that the supreme court in the later cases has overruled by implication the case of *DeCamp* v. *Vandagrift, supra.*

On a careful reading of the entire record in this case, we are of the opinion that no error appears which would justify a reversal of the judgment of the trial court.    The bill of particulars was a copy of the book account, and appellee's testimony as to the account is the same as shown by the bill of particulars, except he testified that the appellant was entitled to additional credits.

Judgment affirmed.

Filed October 31, 1895.