Dodge *v.* Morrow *et al.*

Filed March 6, 1896.

No. 1,748.

## Dodge *v.* Morrow et al.

New Trial.—*Sufficiency of Assignment.—Evidence.*—An assignment as a cause for a new trial, that a witness was permitted to read certain books of account in evidence, sufficiently presents the question of the correctness of the court's ruling in permitting the several questions calling for such evidence to be answered.

Evidence.— *Books of Original Entries.—When Admissible.*—Books of original entries are inadmissible unless it is made to appear that better evidence is not obtainable, or that the transactions do not admit of more satisfactory evidence.

Same.—*Books of Account.—Mechanic's Lien.*—Books of account are not admissible to prove the performance of work and furnishing of

Dodge *v.* Morrow *et al.*

materials, where the entries were made from information and memoranda furnished to the bookkeeper, and not from his personal knowledge of the transactions involved,—especially in the absence of a showing of necessity for their admission to prevent a failure of justice.

BILL OF EXCEPTIONS.— *When Properly Authenticated.*— A bill of exceptions is sufficiently and properly authenticated and identified by incorporating it in an order-book entry, the correctness of which is properly certified by the clerk, showing that it was signed by the judge and afterward filed.

SAME.—*When Not Properly in Record.—Signature of Judge.—Filing.*—A separate bill of exceptions to the overruling of a motion to require the submission of issues to a jury for trial, excepted to at the time, will not be considered, where it was not signed by the judge or filed until the following term, in the absence of any extension of time for filing.

APPELLATE COURT.— *Jurisdiction. — Constitutionality of Statute.*— The Appellate Court does not have jurisdiction of an appeal the decision of which involves a determination as to the constitutionality of a statute.

From the Elkhart Circuit Court.

*J. O. Hoover*, for appellant.

*V. W. Van Fleet*, for appellees.

LOTZ, J.—The appellees sued the appellant for the foreclosure of a mechanic's lien.

The complaint averred that the appellees did work upon, and furnished materials for, the construction of certain buildings owned by appellant. The answer was: (1) A general denial ; (2) payment ; (3) counterclaim, and (4) set-off. The cause was tried by the court. Finding and judgment in favor of appellees. The only assignment of error is the overruling of the motion for a new trial.

One of the causes for a new trial is that the court erred in overruling appellant's motion to require the issue joined to be submitted to a jury for trial. The ruling on this motion is presented by a separate bill of

exceptions. The record shows that the appellant excepted to the ruling when made, but no time for filing a bill was given. Subsequently, and at the following term of the court, a bill of exceptions presenting this ruling was signed by the judge and the bill filed. The appellees insist that the ruling on this motion is not properly presented by the record before us. This position is fully sustained by the authorities. *Thomas* v. *Griffin*, 1 Ind. App. 457.

The other causes for a new trial all relate to rulings of the court on the trial of the cause, and are presented by a separate bill of exceptions containing the rulings and the evidence given in the cause.

The appellees insist that this bill is not properly authenticated, and for that reason this court should refuse to consider the other causes for a new trial.

The clerk of the court at the end of the transcript certifies "the above and foregoing to be a full, true, and complete transcript of the pleadings and order-book entries, including the judgment of the court except the affidavit of defendant in support of motion for continuance and counter-affidavits thereto by plaintiffs, as the same appears of record, and of the files in my office at this date."

An order-book entry immediately preceding this bill of exceptions shows that the bill was filed in open court. There is also a file mark on the bill showing that it was filed with the clerk of the court. The bill was also signed by the judge, who presided at the trial. The bill is sufficiently authenticated.

One of the causes for a new trial is that the court erred in permitting a witness for appellees to testify as to the value of attorney's fees.

It is contended that the statute, section 7267, R. S. 1894 (Elliott Sup., section 1701), is unconstitutional,

and in violation of section 23 of the bill of rights of the constitution of this State. The position is that the statute allowing attorney's fees grants privileges to one class of litigants, which are denied to another class of litigants.

The legislative power to compel an unsuccessful party to an action to pay an attorney fee to his opponent, and laws which impose a penalty of double damages or some similar penalty, have often received the attention of courts of last resort. Where the penalty has been imposed for some tortious or negligent act, such statutes have generally been upheld. But where no wrongful or negligent conduct is imputed to the defeated party, any attempt to charge him with a penalty has not prevailed. *Hocking Valley Coal Co.* v. *Rosser* (Ohio S. C.), 41 N. E. Rep. 263 (29 L. R. A. 386).

If it were necessary to a determination of this appeal that the constitutionality of a statute be determined, this court would not have jurisdiction. In the view we take of it, the appeal can be determined without deciding any constitutional question.

The seventh cause for a new trial is "For error of law occurring at the trial in the court, over the objection and exception of the defendant, permitting Levi Deitch to read the plaintiff's books of account in evidence."

Levi Deitch was a witness for appellees and their bookkeeper. The witness testified that he made the entries upon the books each day and in the regular course of his duties. In reference to the items in controversy, he stated that he had no independent recollection that the goods were furnished and work done, but that he would have to depend upon the books except as to a few items. The usual method of transacting the business was for others to do the work and furnish the materials, and

then inform him, or by furnishing him with a memo-
randum from which he made the entries upon the
books.    The witness was then asked to turn to the
books and read the various entries to the court.    The
appellant objected to these questions for the reason,
among others, that it had been shown by the witness
that the entries were entered upon the representation
made by another party, and made after the work was
done or materials furnished, and that it was incompe-
tent to prove book accounts in this manner.    Twenty-
seven questions of this kind were propounded to which
the appellant entered his objections.    These objections
were overruled and the witness was permitted to read
the items in evidence from the books.

A book of original entries is one exhibiting the first
or original charges.    Such books are admissible in evi-
dence in some jurisdictions.    This seems to be the rule
in England, *Price* v. *Earl of Torrington*, 1 Salkeld, 285.
The rule is designed to prevent a failure of justice, and
is limited by this necessity.    If the proof can be made
by any person who has personal knowledge of the fact,
then the books are not admissible.    If the book-keeper's
memory has failed as to the facts or if he is dead or
beyond the jurisdiction of the court, and there is no
other person who has knowledge of the charges, then a
necessity may exist.    To be admissible, the entries must
have been made cotemporaneously with the facts to
which they relate and made by the person having per-
sonal knowledge of the facts.    It was held in an early
case in this State that the books of original entries are
not admissible.    *DeCamp* v. *Vandagrift*, 4 Blackf. 272.
The later decisions throw some doubt on this question.
This court recently had occasion to review many of the
decisions relating to this question, and it needs no

further consideration at this time.     *Wilber* v. *Scherer,*
13 Ind. App. 428.

It is sufficient for the purposes of this case to say that
there was not a sufficient showing that all the entries
introduced or read in evidence were made, by the per-
son having personal knowledge and were not made cotem-
poraneously with the transactions.    Nor was there a
sufficient showing of the existence of a necessity such
as would prevent a failure of justice.    It was error to
admit this evidence under these circumstances.

Judgment reversed with instructions to sustain ap-
pellant's motion for a new trial.

Filed November 7, 1895.

### On Petition for Rehearing.

Lotz, J.—The appellees, in their argument in sup-
port of the petition for a rehearing, still earnestly insist
that the bill of exceptions containing the evidence is
not authenticated by the clerk of the court, and there-
fore not properly in the record.    It is undoubtedly true
that the clerk of the trial court should duly certify to
the transcript and to all documents and papers which
were a part of the proceedings in the court below, and
which he transmits to this court.    Without such cer-
tificate under the seal of that court, this court would
have no means of knowing whether or not the record
presented is the one upon which the court below ren-
dered judgment.

Preceding the bill of exceptions in this case is the
following order-book entry:    ''Come the parties, and
the defendant files his bill of exceptions containing the
evidence, as follows.''    This entry is dated January
21, 1895.    Immediately following this entry is what
purports to be the evidence given on the trial.    At the
end of this bill, and as a part thereof, there is this state-

ment: "And now, on this 21st day of January, 1895, said bill of exceptions was presented to the court for allowance and signing." And following this there is this further statement: "And now on motion of the defendant this bill of exceptions, embracing the long-hand manuscript of the evidence in this cause, is signed and sealed this 21st day of January, 1895." Each of these statements is signed by the presiding judge.

The certificate of the clerk is dated February 8, 1895, in which he certifies "the above and foregoing to be a full, a true and complete transcript of  *  *  *  the order-book entries  *  *  *  as the same appears of the record and of the files of my office."

It is apparent that the bill was signed by the judge and afterwards filed, although all done on the same day. It also appears from this entry that the bill of exceptions was made a part of the order-book entry, and the clerk certifies to the correctness of the entries.

In the case of *Board, etc.,* v. *Trees,* 12 Ind. App. 479, this court, by Reinhard, J., said : "It is earnestly contended  *  *  *  that the bill of exceptions is not properly in the record, there being no sufficient certificate of the clerk. It is true that in the clerk's certificate to the transcript there is no recital of the filing of the bill of exceptions. But the transcript does contain a record entry just preceding the bill of exceptions, which shows 'that on the 24th day of August, 1894, in vacation of the Shelby Circuit Court,  *  *  the defendant, by its attorneys, filed in the clerk's office of the court its bill of exceptions herein, tendered to and signed by the Honorable William A. Johnson, sole judge of said court, at chambers, on the 21st day of August, 1894, which bill of exceptions was then and there ordered by said judge to be made a part of the record of this cause, and the same reads in the words

and figures following, to-wit : (Then follows the bill of exceptions.) We think this is not only a sufficient showing of the filing of the bill of exceptions, but that it is to be commended as a model of good practice."

We are of the opinion that it fairly appears that the bill of exceptions contained in the record is the one filed in the court below, and that it is sufficiently identified and authenticated.

Nor does this conclusion conflict with the cases of *Jamison* v. *State, ex rel.*, 12 Ind. App. 294, and *Humbarger* v. *Carey*, (Ind. Sup.) 42 N. E. Rep. 749 ; *Hughes* v. *Hughes*, 139 Ind. 474. The decision in those cases turned upon the fact that the bill of exceptions was signed by the judge long after the date of the clerk's certificate. There could be no bill of exceptions until it was signed, and the clerk's certificate in those could not be correct.

Nor does it conflict with *Richwine* v. *Jones*, 140 Ind. 289, for there the bill of exceptions was not embraced by an order book entry.

The appellees further insist that the seventh cause for a new trial does not, with reasonable certainty, point out the particular evidence admitted and complained of. One of the appellee's witnesses was permitted to read their books of account in evidence. Twenty-seven questions calling for such evidence were propounded to the witness, to each of which the appellant objected. The motion for a new trial assigns as a cause that the witness was permitted to read the books of account in evidence. If a party complains of the alleged erroneous decisions of the court in trying a cause, either in the admission or exclusion of evidence, he must point out in his motion for a new trial, with reasonable certainty, the particular evidence admitted or excluded ;

otherwise the court below need not, and this court will not, consider such alleged erroneous decisions. *Grant* v. *Westfall*, 57 Ind. 121; *Heltonville Mfg. Co.* v. *Fields*, 138 Ind. 58 (66).

"Causes for a new trial must be assigned with clearness, certainty, precision and particularity." *Staser* v. *Hogan*, 120 Ind. 207.

It is true that the appellant might have used more particularity in his motion than he did. He might have assigned twenty-seven causes, one for each question and ruling, but if he had done this, the twenty-seven causes would have presented the same question, the introduction of the books of account. The cause assigned in the motion included the twenty-seven rulings, for they each went to the same point. The purpose of the rule is to direct the attention of the trial court to the alleged erroneous ruling, and to present to an appellate court the precise question involved. This could be done as effectually by the one cause assigned as by twenty-seven different causes, for they all presented precisely the same question. To hold otherwise would tend to great prolixity, and unnecessarily encumber the record.

The appellees also earnestly insist that the books kept by their book-keeper were admissible under the circumstances shown. The testimony of the book-keeper was not entirely in harmony, but the substance of it is that he did not see the work done nor the goods delivered; that he made the entries upon the books from memorandums furnished him by others. The memorandums were furnished sometimes on the day on which the goods were furnished or work done, and sometimes on other days. He had no personal knowledge of the transactions. One of the appellees testified that he knew the work was done by himself and workmen, and

that materials were furnished; that he usually gave the memorandums thereof to the book-keeper. But upon cross-examination he expressly disclaimed that he had any recollection as to any of the items or charges. It also appeared that the work was done by several persons, and that one of them was present, but was not called as a witness.

As we stated in our former opinion, the authorities relating to the admission of books of original entries are not in harmony. In many of the States the admission of such evidence is regulated by statute. This class of testimony is capable of great abuse and might often be used to work injustice. Its admission is therefore carefully guarded. In some of the States it is limited as to the amount and is generally made dependent upon certain conditions. 2 Am. and Eng. Ency. of Law. "Books of Original Entries," page 467. Necessity lies at the foundation of such admission. It is only to be resorted to when no other or better means of making the proof is obtainable. When the transaction admits of more satisfactory evidence, this method should not be resorted to. *Corr* v. *Sellers,* 100 Pa. St. 169.

As before stated, the decisions in this State as to the admissibility of such entries under any circumstances are in doubt. *Wilbur* v. *Scherer, supra.*

But we are clear that such entries are not admissible unless the necessity therefor is shown. It was not made to appear that better evidence was not obtainable or that the transactions did not admit of more satisfactory evidence. In fact it was made to appear that other persons were present who knew something about some of the transactions. These persons were not called nor was it shown that their memories had failed.

The appellees lastly insist that the books were rendered competent because of the testimony of the witness Morrow, who stated that work had been done and materials furnished. This contention was decided against the appellees by this court in the case of *First National Bank, etc.,* v. *Williams,* 4 Ind. App. 501. In that case the president of the bank was a witness. He testified to having made some of the entries in the bankbook. The bank-book containing the account was offered in evidence. This court, by Reinhard, J., said: "The book was one which was kept by the officers of the bank, and with which appellee had nothing whatever to do. It was not shown when the entries in these ledgers were made, but they would not be proper evidence even if made at the time of the transaction."

The mere fact that a witness testified that some work had been done and that some materials were furnished when he is unable to give any particular amount or item, would not render the book account proper evidence. If it did, then the salutary rule that such entries are not to be resorted to except in cases of necessity, would be overthrown. It is possible that such entries may become proper under certain circumstances, but this we do not decide. If all the witnesses to the transaction are dead or beyond the jurisdiction of the court, or their memories have failed, then original entries which were made at the time of the transaction and in the due course of business may become proper.

Petition overruled.

Filed March 6, 1896.