## THE STATE OF INDIANA, EX REL. ROMONA OÖLITIC STONE COMPANY, v. CENTRAL STATES BRIDGE COMPANY ET AL.

[No. 7,502. Filed March 6, 1912.]

1. TRIAL.—*Conclusions of Law.—Exceptions.*—An exception to conclusions of law admits for the purposes of such exception, that the facts are correctly found. p. 546.

2. CONTRACTS.—*Breach.—Furnishing Materials.—Special Findings. —Interest.*—Special findings that there is due to plaintiff from the defendant bridge company on the first paragraph of complaint, for materials furnished under their general contract, the sum of $2,383.50, that there is also due to plaintiff for certain additional articles $37.58, that defendants are entitled to a credit thereon for $271.14, sustain a conclusion of law that the plaintiff is entitled to a judgment for $2,150.06, together with interest accrued thereon. p. 546.

3. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 546.

4. EVIDENCE.—*Shop Book Entries.—Qualifications.*—Where preliminary evidence is introduced showing that the ledger entries sought to be introduced in evidence were made by the defendant's regular bookkeeper, that the items therein were reported to such bookkeeper by the men in charge of the work, that such bookkeeper entered such items in such ledger as reported to him, that all the men, including the bookkeeper, were instructed to keep a separate account of the time, material and other charges connected therewith, that the entries offered were those so made, and that such bookkeeper was in a foreign state, such ledger entries are admissible in evidence as part of the *res gestae*, and constitute *prima facie* proof of the facts therein stated. pp. 547, 550.

5. EVIDENCE. — *Shop Book Entries.* — Duly authenticated entries made in due course by a party's regular bookkeeper who, at the time of the trial, is dead, incapacitated from testifying, or beyond the jurisdiction of the court, are admissible in evidence under the rule of necessity. p. 549.

From Superior Court of Marion County (73,717); *Clarence E. Weir*, Judge.

Action by the State of Indiana, on the relation of the Komona Oölitic Stone Company, against the Central States Bridge Company and another. From a judgment for plaintiff, plaintiff appeals. *Affirmed.*

*W. H. H. Miller, C. C. Shirley* and *Samuel D. Miller,* for appellant.

*Charles W. Smith, John S. Duncan, Henry H. Hornbrook* and *Albert P. Smith,* for appellees.

FELT, C. J.—This action was brought by appellant against the Central States Bridge Company on a contract with said company for certain material and labor used in constructing a bridge. Appellee bridge company had a contract with Marion county, Indiana, to build said bridge, and gave bond to the county, with appellee National Surety Company as surety. This action is also on the bond.

Various pleadings were filed, the case was tried, and the court, on request, made a special finding of facts and stated as a conclusion of law thereon that appellant was entitled to recover the sum of $2,362.36. Appellant filed a motion for a new trial, which was overruled. Judgment was rendered on the finding and this appeal taken.

The errors assigned and presented for reversal are that the court erred (1) in its conclusion of law on the finding of facts, and (2) in overruling the motion for a new trial.

The court found, in substance, that the relator and each of the appellees were regularly organized corporations; that the Central States Bridge Company entered into a contract with Marion county, Indiana, to construct the Emerichsville bridge; that appellees executed the bond in question for the performance of said contract; that relator entered into a contract with appellee Central States Bridge Company to furnish stone to be used in constructing said bridge; that on

the general contract there is due to appellant on the first paragraph of the complaint the sum of $2,383.50. The court then sets out numerous evidentiary facts as to various items of charges and credits disputed by the parties, and as ultimate facts finds that appellant is entitled to recover from appellees the further sum of $37.58 for extras furnished on the order of appellee Central States Bridge Company, and that appellees are entitled to a credit of $271.14. On this finding of facts the court stated its conclusions of law to be that relator was entitled to recover from appellees

the sum of.................................$2,421.06
less the amount due to appellee bridge company
under the set-off...........................  271.00

Leaving a net balance of......................$2,150.06,
to which the court added interest from May 23,
1907, to January 19, 1909, in the sum of........  212.30,

and stated the total amount due to be...........$2,362.36.

By excepting to the conclusions of law, appellant admits, for the purposes of this assignment of error, that

1. the facts are fully and correctly found. *Stults* v. *Nelson, Cheesman & Co.* (1912), *ante*, 208.

2. The facts found fully warrant the conclusions of the trial court.

The motion for a new trial alleges (1) that the amount of recovery is too small; (2) that the decision is not sustained by sufficient evidence; (3) that the decision is contrary to law; (4) that the court erred in admitting exhibits thirty-seven and fifty-two.

An examination of the record demonstrates that there is evidence from which the court may have properly found the facts as stated, and we cannot, under well-recognized

3. and long-established rules, weigh the evidence, but must accept the finding of the lower court, unless it

is based on evidence improperly admitted, as alleged in appellant's motion for a new trial.

Appellees' third paragraph of answer was addressed to the first paragraph of the complaint by way of set-off. This answer proceeded on the theory that relator furnished to appellee bridge company stone that did not comply with the contract and specifications, and that said appellee was compelled to do and cause to be done certain work thereon before such stone could lawfully be used by it in constructing said bridge; that relator shipped certain stone to said appellee unprepared for use, and desired to shape and carve it at or near the bridge; that at the request of relator, appellee bridge company prepared grounds, appliances and sheds necessary for that purpose, and also furnished certain labor in handling said stone; that a bill of particulars thereof was made and filed with the answer, and demand was made that the amount thereof be set off against any sum found due to appellant.

Appellant earnestly insists that there is no proof of the value of either labor or material alleged to have been so furnished; that exhibit number fifty-two, made up of

4. loose-leaf sheets from appellee bridge company's ledger and covering the items allowed by the court as a set-off, was improperly admitted in evidence, the specific objections being that said exhibit was not the best evidence, was hearsay and not a part of the *res gestae.*

The evidence preliminary to the introduction of the sheets from the ledger showed, without serious conflict, that Mr. Dudley was, at the time the bridge was constructed, the bookkeeper for appellee bridge company; that other employes of said appellee had charge of the work and material mentioned in the set-off; that the time of the laborers and other items of the account were from day to day, by the men so in charge of the work, turned over to the bookkeeper; that he entered in the book offered in evidence the items as they

were so reported to him; that the bookkeeper and the other men connected with this part of the work were instructed to keep separate accounts of the men's time, the materials used, and other charges connected therewith; that the sheets offered in evidence were from the books so kept by the bookkeeper; that the entries offered were in his handwriting; that he was out of the State, "in Oklahoma, or Indian Territory, or that section of the country some place, in the employ of a railroad."

Appellant asserts that the account so kept, and identified as the book of said appellee, is not admissible in evidence on its own behalf. In support of this contention it cites the following cases: *Pittsburgh, etc., R. Co.* v. *Noel* (1881), 77 Ind. 110, 121; *First Nat. Bank* v. *Williams* (1892), 4 Ind. App. 501; *Dodge* v. *Morrow* (1896), 14 Ind. App. 534; *Wilber* v. *Scherer* (1895), 13 Ind. App. 428; *Over* v. *Dehne* (1906), 38 Ind. App. 427; *Cleveland, etc., R. Co.* v. *Coffman* (1903), 30 Ind. App. 462.

Some of the cases cited by appellant differ widely from the facts of this case, and some deal with questions relating to private memoranda of a party, and not with shop-books or accounts kept in the due course of business, where the transactions are somewhat extensive and the items numerous. A failure to observe this distinction has led to some confusion. However, some of the cases cited by appellant tend to support its contention that the evidence offered should not have been admitted, because the account was kept by said appellee's bookkeeper.

The latter class of cases seems to follow the early case of *De Camp* v. *Vandagrift* (1837), 4 Blackf. 272, wherein it was held that plaintiff's books of account, duly authenticated, were not proper evidence, on the ground that to admit such evidence would permit a person to manufacture evidence for himself. This undoubtedly was the English or common-law rule, but it has not been followed in this State, and the

ground of exclusion in that case has been held to be only a matter to be considered in determining the weight of the evidence and not its admissibility.

In the case of *Johnson* v. *Zimmerman* (1908), 42 Ind. App. 165, Roby, J., in a concurring opinion reviewed the Indiana cases on the subject of private memoranda and the account or shop-book rule. The case will be found instructive, as it gives a fair and clear statement of the rules now applicable to such questions in this State and most of the states. In speaking of the case of *De Camp* v. *Vandagrift, supra,* the judge said: "This case is doubtless the first cause of confusion in our reports, which has resulted less from what has been decided than from what has been said as dicta." The opinion of this court, written by Roby, J., and the later decisions of our Supreme Court, hold that properly identified and authenticated account books, kept either by a party to the suit or by third persons, may be introduced in evidence, when the entries are a part of the *res gestae* of the transaction under investigation. They are regarded as a part of the *res gestae* when the items offered are original entries made at or near the time of the transaction from reliable information derived from those in charge of the business or work on which the account is based.

Where the person making the entry offered in evidence was at the time the authorized bookkeeper and made the entries in the due course of business, but at the time the evidence is offered is shown to be dead, incapacitated from testifying, or beyond the jurisdiction of the court, the evidence may still be admitted under the rule of necessity, if the entries are shown to be in the handwriting of the bookkeeper, and the books are otherwise duly identified and authenticated. *Glover* v. *Hunter* (1867), 28 Ind. 185; *Culver* v. *Marks* (1890), 122 Ind. 554, 563, 7 L. R. A. 489, 17 Am. St. 377; *Fleming* v. *Yost* (1894), 137 Ind. 95, 97; *Place* v. *Baugher* (1902), 159 Ind. 232; *Wilber* v.

*Scherer* (1895), 13 Ind. App. 428, 432; *Dodge* v. *Morrow* (1896), 14 Ind. App. 534, 538; *Rouyer* v. *Miller* (1896), 16 Ind. App. 519, 526; *Cleland* v. *Applegate* (1894), 8 Ind. App. 499, 501; 1 Wharton, Evidence (3d ed.) §238; 1 Elliott, Evidence §454 *et seq.*, notes to; *Union Bank* v. *Knapp* (1825), 15 Am. Dec. 181, 192-194; *Odell* v. *Culbert* (1845), 9 Watts & S. (Pa.) 66, 42 Am. Dec. 317; *Cochran & Meloney* v. *Taylor* (1908), 77 N. J. L. 195, 71 Atl. 124; *Post* v. *Kenerson* (1900), 72 Vt. 341, 47 Atl. 1072, 52 L. R. A. 552, 564, 82 Am. St. 948; *Sime* v. *American Ice Co.* (1908), 109 Md. 68, 71 Atl. 522; *Missouri, etc., R. Co.* v. *Walker* (1911), 27 *Okla.* 849, 113 Pac. 907; *Starke* v. *Burkitt* (1910), 103 Tex. 437, 129 S. W. 343.

On the foregoing authorities, and the showing that the entries admitted in evidence were made at or near the time of the transaction, by appellee bridge company's 4.    authorized bookkeeper from information obtained by him at the time of the transactions from those in charge of the work in question, that he entered the items as so reported to him at the time, that the entries were in his handwriting, and that the bookkeeper was out of the jurisdiction of the court, we hold that the court did not err in admitting in evidence the sheets of appellee bridge company's account book, and that such account afforded *prima facie* proof of the amount and value of the labor and material for which the court gave credit. *Union Bank* v. *Knapp, supra; Odell* v. *Culbert, supra.*

Appellant had ample opportunity to overcome this *prima facie* proof of value, if not correct, but there seems to have been no effort to do so. On the other hand, it is apparent from the record that the case was tried by appellant on the theory that it was entitled to pay for extra work and material occasioned by changes in the plans and specifications, and was defended by appellee bridge company, on the ground that such extras were by agreement of the parties

offset by other changes beneficial to appellant; that the questions of value and amount were not seriously controverted.

We find no available error in the record. The judgment is therefore affirmed.