## HOUK *v.* CITIZENS NATIONAL BANK OF CRAWFORDS-VILLE.

[No. 7,713. Filed October 10, 1912. Rehearing denied December 13, 1912.]

1. APPEAL.—*Record.—Bill of Exceptions.—Presumptions.*—The bill of exceptions on appeal, signed and approved by the trial court, is presumed to speak the truth, and no error can be predicated on a state of facts not incorporated into the record. p. 630.

2. APPEAL.—*Record.—Briefs.*—Matters contained in a brief, which are foreign to the record, cannot be considered on appeal. p. 630.

3. APPEAL.—*Assignment of Errors.—Waiver.—Briefs.*—Errors assigned on appeal, but which are not discussed, are considered waived. p. 630.

4. APPEAL.—*Assignment of Errors.—Review.—Failure to Present Question Below.*—Errors assigned, relating to alleged irregularities in the trial court, will not be considered where the record discloses that no objection was made or exception reserved at the time. pp. 630, 631.

5. APPEAL.—*Review.—Order to Produce Papers at Trial.*—In an action against a bank for an accounting and the recovery of money deposited, the action of the court sustaining defendant's motion to require plaintiff to produce, at the trial, his deposit tickets, cancelled checks and pass book, was not error, such proceedings being directly authorized by §502 Burns 1908, §479 R. S. 1881. p. 630.

6. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.—Bank Books.*—In an action against a bank for an accounting and to recover money deposited, the action of the court in allowing the books of the bank to be introduced in evidence over plaintiff's objection and exception, was harmless, where defendant's bookkeeper gave evidence as to the same facts, irrespective of any books of the bank. p. 631.

7. APPEAL.—*Review.*—*Objection to Evidence.*—*General Objection.*
—Where the only objection to the introduction of evidence is
general, the overruling of the same is not erroneous.  p. 631.

8. APPEAL.—*Review.*—*Instructions.*—A cause will not be reversed
for alleged error in instructions, where such instructions, con-
sidered as a whole, contain a fair and correct statement of the
law applicable to the case.  p. 631.

9. APPEAL.—*Review.*—*Sufficiency of Evidence.*—*Verdict.*—Where
there is a conflict in the evidence, and there is some substantial
evidence supporting the verdict on the material points involved,
the court will not weigh the evidence, but will allow the verdict
to stand.  p. 632.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by Wilbur G. Houk against the Citizens National
Bank of Crawfordsville.  From a judgment for defendant,
the plaintiff appeals.  *Affirmed.*

*Wilbur G. Houk,* for appellant.
*Finley P. Mount,* for appellee.

IBACH, J.—Appellant, an attorney at law, brought this
action for an accounting and to recover certain moneys de-
posited with appellee bank, subject to check.

The amended complaint was in a single paragraph, aver-
ring the deposit in appellee bank of $1,792.27, of which sum
he had drawn out the sum of $645.78, to which a demurrer
for want of facts was overruled.  Issues were formed by
the filing of an answer in two paragraphs, the first a gen-
eral denial, the second a special answer admitting the de-
posit of the sum of $1,596.78, and averring that the amount
had been checked out by appellant, except the sum of four-
teen cents, which appellee had at all times stood ready to
pay appellant on proper demand; that a tender of this
amount had been made to appellant, and on his refusal to
accept it, it had been paid to the clerk of the court for
appellant's use.  To this answer there was a reply in gen-
eral denial.  The jury returned a verdict for appellee, on
which judgment was entered.

A number of errors for reversal are assigned, and in pre-

senting them appellant evidently expects this court to consider matters which are not in the record, and consequently not before us. He seems to predicate much of his 1. argument on a statement of alleged facts occurring at the trial, which the trial judge struck out of the bill of exceptions, when presented to him, and did so no doubt because many statements were included in the bill of exceptions which were no part of the trial, and did not occur there. The trial judge is presumed to know what took place at the trial, and the bill of exceptions signed and approved by him is presumed to speak the truth, and no error can be predicated on a state of facts not incorporated into the record. *Robb* v. *State* (1896), 144 Ind. 569, 572, 43 N. E. 742; *Reed* v. *State* (1895), 141 Ind. 116, 40 N. E. 525; *Bower* v. *Bowen* (1894), 139 Ind. 31, 38 N. E. 2. 326. We have carefully read appellant's entire brief, and find that a large portion of it cannot be considered, for the reason that it refers to matter which is 3. entirely foreign to the record. Other errors are assigned which are not discussed, and therefore must be considered waived.

There are also errors assigned which relate to alleged irregularities in the proceedings of the trial court, but it is not necessary for us to consider the merits of these 4. contentions, for the reason that the record discloses that at the time such action was taken, or ruling of the court was made, appellant made no objection thereto and reserved no exception. *Judson* v. *Romaine* (1893), 8 Ind. App. 390, 35 N. E. 912; *Falley* v. *Gribling* (1891), 128 Ind. 110, 26 N. E. 794.

There was no error in sustaining appellee's motion to require appellant to produce at the trial his deposit 5. tickets, cancelled checks and pass-book. This proceeding is directly authorized by §502 Burns 1908, §479 R. S. 1881.

Under the specification that the court erred in overruling

appellant's motion for new trial, appellant has argued eight reasons. The first is that there was error in allowing the books of the bank to be introduced in evidence, over appellant's objection and exception. The record shows, however, that no harm could have come to appellant on this account, because the witness Rice, a bookkeeper for appellee bank, gave evidence as to the same facts, irrespective of any books of the bank. *Wilber* v. *Scherer* (1895), 13 Ind. App. 428, 430, 432, 41 N. E. 837.

7. Besides, appellant is in no position to complain, because the record shows that the only objection made to the introduction of the books in evidence was a general one, stating no reasons, and it is not error to overrule such an objection. Ewbank, Ind. Trial Ev. §253; *Cox* v. *Stout* (1882), 85 Ind. 422; *Indiana, etc., R. Co.* v. *Cook* (1885), 102 Ind. 133, 26 N. E. 203; *Metzger* v. *Franklin Bank* (1889), 119 Ind. 359, 21 N. E. 973; *Lankford* v. *State* (1895), 144 Ind. 428, 43 N. E. 444; *Voss* v. *State, ex rel.* (1894), 9 Ind. App. 294, 36 N. E. 654.

For a second reason, it is claimed that the trial court erroneously made certain statements to the jury. The statements alleged to have been made are not contained in the record. The third claim is that there was misconduct on the part of appellee's counsel. But here again a careful search of the record fails to show that any objection was made by appellant at the time. To predicate error on any action of the trial court, the record must disclose that the action of the court was objected to and an exception was saved. This proposition is too well established to need argument. The fourth, fifth and sixth specifications call in question the instructions given by the court of its own motion. We fail to see wherein appellant has any cause to complain in this regard. Considering the instructions complained of together, we find that they contain a fair and correct statement of the law on the questions of preponderance of evidence

and burden of proof in this case. They covered the subjects fairly and clearly. The seventh and eighth specifications are that the verdict is not sustained by the evidence and is contrary to law. The investigation of the reasons given by appellant as to why the evidence does not support the verdict would necessarily involve weighing the evidence. We cannot ignore the rule that the verdict must be sustained, where there is a conflict in the evidence, and there is some substantial evidence in the record supporting the verdict on the material points involved. Here there is ample evidence to support the verdict, and to allow it to stand. We find that, so far as the record shows, there has been a fair and impartial trial of this cause in the court below, and no error appears which could have in any way influenced the verdict and made it contrary to law. The verdict will not be disturbed, and the judgment is therefore affirmed.

NOTE.—Reported in 99 N. E. 437. See, also, under (1) 3 Cyc. 271; (2) 3 Cyc. 177; (3) 3 Cyc. 388; (4) 2 Cyc. 660; (5) 17 Cyc. 457; (6) 38 Cyc. 1419; (7) 38 Cyc. 1378; (8) 38 Cyc. 1778; (9) 3 Cyc. 348.