WINNEBAGO COUNTY, Appellee, v. J. S. HORTON, Receiver, et al., Appellants.

**APPEAL AND ERROR: Judgments Appealable—Order in re Public De-**
1   **posits.** An appeal lies from an order of court which adjudges the amount of public funds on deposit in an insolvent bank for the purpose of payment out of the "state sinking fund for public deposits."

**DEPOSITARIES: Public Funds—Burden of Proof.** Proof that a munici-
2   pality had deposited public funds to a named amount in an authorized public depositary casts the burden on the depositary, or on the receiver therefor, to show what payments were made from such deposits *and the legality of such payments.* And such burden is not met by the introduction of unexplained ledger entries.

Headnote 1: 3 C. J. p. 547.   Headnote 2: 7 C. J. pp. 756, 757; 22 C. J. p. 220.

*Appeal from Winnebago District Court.*—M. F. EDWARDS, Judge.

DECEMBER 13, 1927.

Action to establish a claim against the receiver of an insolvent bank, and to compel payment to plaintiff, as a depositor of public funds, from the "state sinking fund," under the so-called Brookhart-Lovrien Act, Chapters 173 and 174, Acts of

the Forty-first General Assembly of Iowa. The trial court entered an order and decree in conformity to the prayer of plaintiff's petition, and directed the superintendent of banking to certify the amount of the deposit so ascertained to the treasurer of state and the auditor of state. The defendants appeal.— *Affirmed.*

*Thompson, Loth & Lowe,* for J. S. Horton, Receiver, appellant.

*John Fletcher,* Attorney-general, and *Earl F. Wisdom,* Assistant Attorney-general, for all other appellants.

*G. E. Osmundson,* for appellee.

DE GRAFF, J.:—This action was commenced in equity by the county of Winnebago, Iowa, to have established the rights of the county in the state sinking fund, and the petition recites that, on May 16, 1925, the board of supervisors of Winnebago County by proper resolution designated the First National Bank of Forest City as a depository of public funds, and authorized the county treasurer to deposit county funds in said bank; that said bank closed its doors November 6, 1925, being insolvent, and that at said time the county had public funds on deposit in said bank amounting to $30,113.50; that J. S. Horton was duly named as receiver; that the county filed with such receiver a claim for the above amount, and prayed for the establishment of the claim and for an order ascertaining and fixing the amount of public funds on deposit in said bank belonging to said county; and directing the superintendent of banking to certify the amount of deposit so approved by the court to the treasurer of state and the auditor of state.

1. APPEAL AND ERROR: judgments appealable: order *in re* public deposits.

To this petition the receiver filed answer, admitting the corporate and official capacity of the parties, the designation of the bank as a depository, as alleged, the insolvency of the bank, its date of closing, and the filing of the claim with the receiver; but specifically denied that the county treasurer had on deposit in said bank when it closed, any sum in excess of $24,113.50. On the issues thus joined, the cause was tried to the court, sitting in equity; and, upon the conclusion of the trial, it was found and

determined that, at the time the bank was closed and placed in the hands of the receiver, the plaintiff county had on deposit in said bank public funds in the sum of $30,113.50, deposited pursuant to Chapters 173 and 174 of the Laws of the Forty-first General Assembly; and it was ordered, adjudged, and decreed that plaintiff had on deposit in said bank, as public funds of Winnebago County, Iowa, the sum so ascertained, and that the superintendent of banking of Iowa certify such public deposit in the sum aforesaid to the treasurer and the auditor of state.

The appellee-county presents in argument the question of the appealability of the order and judgment from which the appeal is taken, and moves the dismissal of the appeal. This is a novel point, and, in the logical order of things, should first be determined.

It may be conceded that this is a special action or proceeding, and summary in character, but the statute does expressly confer jurisdiction upon the court whereby certain findings of fact and of law shall be made and judgment entered. (This law has since been amended. See Title IV, Chapter 55-A1, Code of 1927). The Supreme Court of Iowa has appellate jurisdiction over all judgments and decisions of all courts of record, except as otherwise provided by law. Section 12822, Code of 1924.

It is further provided that an appeal may be taken to the Supreme Court from "a final order made in special actions affecting a substantial right therein." Section 12823, Code of 1924.

A judgment was, in fact, entered, and it may not be said that the entry by the court did not affect the substantial rights of the parties defendant. The defendant receiver represents all creditors and stockholders of the insolvent bank. The defendant state treasurer is a trustee of a fund created for the purpose of repayment to depositors of public funds, with the right to be subrogated to all the title, interest, and rights of the depositors in such public funds, and shares in the distribution of the assets of the insolvent bank ratably with the other depositors. The claim as prayed was established in judgment. True, the court made certain findings of fact, but there was also "a definitive sentence or adjudication," as is contemplated by that term, in contradistinction from mere findings of fact or conclusions of law by the judge trying the case. 23 Cyc. 666. With this view of the

situation, the motion of appellee to dismiss the appeal is over-ruled.

We now turn to the merits of the action. It is important to note in the first place that no question arises as to the amount of deposits made by the appellee-county in the First National Bank of Forest City. There is no dispute that the county treasurer of Winnebago County did deposit moneys belonging to the county in the sum of $30,113.50. The only question is whether the county should be charged with a claimed withdrawal of $6,000 from its account in the bank. It is a well settled rule of law that the burden is on the bank to show that checks which it has paid and charged to a depositor were the true and proper checks of such depositor, and were properly paid by it. 7 Corpus Juris 756. The county having established the fact that deposits in a certain amount were made in said bank, the burden was on the bank to satisfactorily account for that sum. In every case the inquiry is, Was there a proper withdrawal by the depositor? Did the bank pay to some third person upon the proper order of the depositor? Did the order bear his signature? The record before us furnishes no answer to these inquiries, nor does it indicate in any way that the claimed $6,000 withdrawal was a proper charge against the county treasurer. The applicable legal principle is well illustrated in the case of *Kossuth County St. Bank v. Richardson,* 141 Iowa 738.

In the case at bar, certain ledger entries in the bank are relied upon as being sufficiently specific and particular, but it is quite apparent that they do not satisfactorily show a proper charge against the county. There was no showing that the ledger account was true and correct, and the objections made to the exhibit upon which the $6,000 item is predicated by the appellant were well based. If it were admitted that there might be such an entry in the bank's record, it is not established that such entry was a proper one. The appellee-county had nothing to do with the books kept by the bank, and the ledger account *per se* is but a self-serving declaration. See *First Nat. Bank v. Williams,* 4 Ind. App. 501 (31 N. E. 370).

This cause was tried as an equitable proceeding and to the court, and it will be presumed that the trial court considered only that testimony which was competent and material. *Wright*

**2. DEPOSITARIES:** public funds: burden of proof.

*v. Farmers Mutual Live-Stock Ins. Assn.*, 96 Iowa 360. The appellee-county was under no obligation to produce witnesses who would testify with more certainty and conclusiveness respecting the $6,000 item than did the witnesses called on behalf of the receiver. The county was under no duty to prove affirmatively that there was no withdrawal of the $6,000 item, since it established a prima-facie case when it proved the deposits were made in the sum claimed. It was upon the receiver to prove the withdrawal, and this he failed to do by competent or satisfactory evidence. The receiver did not even call for the alleged check, nor give notice to produce it. Since he so failed, no unfavorable presumption or inference can arise against the county by reason of its non-production by the county. 22 Corpus Juris 114 *et seq.* It is more reasonable to presume that, had there been a legal and proper check in existence chargeable to the county, the receiver would have made a diligent effort to prove, by competent evidence, not only that it existed, but that it was a proper charge against the deposits of the county. No evidence is offered that the treasurer signed any such check, to whom it was given, or for what purpose. The burden of proof was on the appellant-bank or its receiver to show that the deposits made by the county were properly accounted for. This, we conclude, the appellant failed to do.

The decree entered is—*Affirmed.*

EVANS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.